THOMAS CUSICK, by Guardian, etc., Respondent, *v.* WILLIAM L.
ADAMS, Appellant.

The owner of premises owes no duty of active diligence to one going thereon
without invitation, but simply as a bare licensee, and is not liable for
injuries resulting from an omission to keep a structure thereon in repair.

The fact that private premises are, for the convenience of the owner,
connected by him with a public highway by a bridge, no portion of which
is in the highway, imposes no duty upon the owner to maintain and
protect the bridge for public use; and the fact that the bridge is used by
the public, not under any agreement with or by permission of the
owner, but merely by his sufferance, does not make him liable for injuries
to one crossing the bridge for his own convenience or pleasure, caused
by its being out of repair; at least when the defect is open and apparent.
*Beck* v. *Carter* (68 N. Y. 292) distinguished.

· (Argued April 29, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 20, 1886, which affirmed a judgment in favor of the plaintiff, entered upon a verdict, and reversed an order setting it aside, and ordering a new trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The material facts are stated in the opinion.

*Nathaniel C. Moak* for appellant. If plaintiff was on defendant's private property by license, defendant was not liable for the injury. (*Larmon* v. *Crown Point*, 101 N. Y. 391, 395 ; *Matze* v. *N. Y. C. R. R. Co.*, 1 Hun, 417 ; *Sutton* v. *N. Y. C. R. R. Co.*, 66 N. Y. 243 ; *Nicholson* v. *E. R. Co.*, 41 id. 525, 534, 535 ; *McCarthy* v. *D. & H. C. Co.*, 17 Hun, 74, 75 ; *Canley* v. *P. R.-R. Co.*, 95 Penn. St. 398, 402 ; *Morgan* v. *R. R. Co.*, 19 Blatchf. 239, 241, 242 ; *Hounsell* v. *Smyth*, 7 C. B. [N. S.] 731, 735, 743 ; 97 Eng. C. L. 729 ; *Bolch* v. *Smith*, 7 Hurl. & Norm. 736 ; *Mason* v. *M., etc., R. R. Co.*, 27 Kan. 83 ; *Chicago, etc., R. R. Co.* v. *Orson*, 12 Bradw. 245 ; *Murphy* v. *Brooklyn*, 98 N. Y. 642 ; *Maener* v. *Carroll*, 46 Md. 193 ; Hastings on Torts, 171 ; Piggott on Torts, 236, 237 ; Pollock on Torts, 425 ; Beach on Con. Neg. 56, § 17 ; *Donahue* v. *State*, 19 N. E. Rep. 419 ; 20 N. Y. S. R. 243, 244 ; *Morris* v. *Brown*, 111 N. Y., 328, 329 ; *Splittorf* v. *State*, 108 id. 205 ; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 289, 292, 293 ; *Indennauer* v. *Dawes*, L. R., 2 C. P. 311 ; *Frost* v. *E. R. Co.*, 2 R. & C. Law Jour. 29 ; *Hargrave* v. *Deacon*, 25 Mich. 1, 4, 7, 10 ; *Sullivan* v. *Waters*, 14 Irish Com. Law, 460, 468, 472, 474, 475 ; *Gautrel* v. *Egerton*, L. R., 2 C. P. 371 ; *Severy* v. *Nickerson*, 120 Mass. 306 ; 108 N. Y. 306.) Defendant owed no legal duty whatever to plaintiff, except to refrain from doing any affirmative act which would injure him. Defendant was not bound to build a fence across the highway where it terminated, so as to stop persons traveling over the bridge. An owner is not, as against any except an adjoining owner, and then only by statute, bound to fence his

land.   (1 Cow. Treatise [3d ed.] 413, 425; *Baseley* v. *Clarkson*, 3 Livinz. 37.)   One must not invite people upon his lands, where by some act of his he has created or allowed the creation of a danger. (*Zoebisch* v. *Tarbell*, 10 Allen, 385; *Severy* v. *Nickerson*, 120 Mass. 306; *Kohn* v. *Lovett*, 44 Ga. 251; *Roulston* v. *Clark*, 3 E. D. Smith, 366; *Parker* v. *P. P. Co.*, 69 Me. 173; *Vanderbeck* v. *Hendry*, 34 N. J. L. 467.)   If defendant, in constructing the bridge across the Mohawk, a public navigable river, without permission of the State, was a wrong-doer, he certainly incurred no liability or duty to plaintiff thereby. (*Fort Plain Bridge Co.* v. *Smith*, 30 N. Y. 44, 62, 63; *Groat* v. *Moak*, 94 id. 116, 128, 129; *Carpenter* v. *Cohoes*, 81 id. 21; *Veeder* v. *Little Falls*, 100 id. 343; *Jewhurst* v. *Syracuse*, 108 id. 306.)

*P. D. Niver* for respondent.   Where the owner of land, expressly or by implication, invites others to come upon it, if he permits anything in the nature of a snare to exist thereon, which results in injury to one availing himself of the invitation, and who, at the time, is exercising ordinary care, such owner is answerable for the consequence. (*Beck* v. *Carter*, 68 N. Y. 283; 102 U. S. [12 Otto], 577.)   The plaintiff was upon the bridge by invitation and not by mere license. (*Beck* v. *Carter*, 68 N. Y. 283; Beach on Con. Neg. 55, § 17; *Clifford* v. *Dam*, 81 N. Y. 52; *McGuire* v. *Spence*, 91 id. 303.)   The defendant's negligence was wilful, and though the plaintiff may have been a trespasser he can still recover. (Beach on Con. Neg. 53, § 17.)   The acquiescence of the defendant for so long a time in the public use of the bridge amounted to a license or permission, and imposed a duty upon the defendant to exercise reasonable care for the protection of persons passing over it. (*Barry* v. *N. Y. C. R. R. Co.*, 92 N. Y. 289; *Clifford* v. *Dam*, 81 id. 52.)   Because the bridge was safe when first constructed, and grew out of repair afterwards, is no defense. (*Swords* v. *Edgar*, 59 N. Y. 28; *Beck* v. *Carter*, 68 id. 283; *Barry* v. *N. Y.*

*C. R. R. Co.*, 92 id. 289.)   The public never acquired the bridge. (*Potter* v. *Village of Attica*, 20 N. Y. Week. Dig. 224; *N. F. B. Co.* v. *Beckman*, 66 N. Y. 269; 2 R. S. [5th ed.] 405, § 135; *Requa* v· *City of Rochester*, 45 N. Y. 129.)   There is in this case no appeal from any order denying a motion on the court's minutes for a new trial.  This court, therefore, has no jurisdiction to review the case upon the facts.   (*Boos* v. *W. M. Ins. Co.*, 64 N. Y. 242.)

GRAY, J.   The plaintiff recovered damages against the defendant for injuries resulting from a fall through a hole in a bridge, which the defendant had, some years previously, constructed over the Mohawk river, to connect an island belonging to him with the city of Cohoes.

The plaintiff was crossing the bridge in order to see some shooting-match upon the island.   He sustained no relations with the defendant, and it is not pretended that the defendant had anything to do with the objects which induced the plaintiff to cross the bridge.   He simply used it for his own convenience and pleasure.   The right to recover was sustained at the General Term of the Supreme Court, on the theory that the defendant, by his construction of the bridge and of the approach to it, extended the public highway to all appearances over the bridge, and thus misled the plaintiff to his damage.   The proof hardly, in my opinion, warrants any such assumption.   The city end of the bridge rested on a vacant piece of land, and not on the highway.   But, even granting that the end of the bridge connected with a highway or street, I do not think that circumstance of sufficient importance, by itself, to justify our departure from the well-settled rule in cases, where the defendant, as the owner of the premises whereon a stranger is injured, is sought to be held in damages.   It is not a question of appearances, nor of what the plaintiff supposed from the appearances; but simply whether the defendant has failed in any duty, which he owed to the plaintiff, either generally, as a member of society, or particularly, because of any relations subsisting between them.

We have here but a question of law upon the proofs. Did the defendant, in constructing the bridge for his own convenience or purposes, thereby assume any active duty of vigilance to see that those who went upon it, voluntarily and by no invitation, express or implied, of his, but simply by his sufferance, were not injured? I do not see how, by my connecting my premises with a public highway, there is imposed any duty upon me to maintain and protect that connection for a public use. The duty of the individual is to use his property in such wise as not to injure his neighbor, and he may not maintain a nuisance upon his premises; but this case does not fall within the application of such rules.

The plaintiff was an utter stranger to the defendant. He was not upon the bridge by the defendant's invitation, nor upon any business of his. The evidence does not disclose any reason for his being there at all, with which the defendant was connected, or concerned. It does appear that the bridge was used by the public for the purpose of crossing over to the island; but it was not so used by any agreement with the defendant, or with his permission. It was merely by his sufferance that they made use of it.

The principle is now well settled by repeated adjudications, in this country and in England, that where a person comes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence; for such person has taken all the risk upon himself. The theory of liability in negligence cases is the violation of some legal duty to exercise care. Among the numerous cases, I refer to the following only, as necessary to illustrate the general rule of liability. *Gautret* v. *Egerton* (L. R., 2 C. P. 371); *Hounsell* v. *Smyth* (7 C. B. [N. S.] 743); *Burchell* v. *Hickisson* (50 L. J., Q. B. C. P. and Exch. 101); *Ivay* v. *Hedges* (9 L. R., Q. B. Div. 80); *Sutton* v. *N. Y. C. & H. R. R. R. Co.* (66 N. Y. 243); *Larmore* v. *Crown Point Co.* (101 id. 391); *Splittorf* v. *State* (108 id. 205); *Donahue* v. *State* (112

id. 142); *Hargreaves* v. *Deacon* (25 Mich. 1); *Severy* v. *Nickerson* (120 Mass. 306); *Parker* v. *Portland Pub. Co.* (69 Me. 173); *Vanderbeek*, v. *Hendry* (34 N. J. L.. 467).

In Whittaker's Smith on Negligence (1st Amer. ed.), the cases are collected and the doctrine is discussed. The case of *Beck* v. *Carter* (68 N. Y. 292), does not help the plaintiff. In that case there was an affirmative act on the defendant's part, which contributed to the occurrence. There the owner had long suffered the land to be used by the public as a part of the highway before his hotel, and while the hotel stood it was rather to his advantage to leave the strip of land open to the public. Upon this land the owner had made an excavation, which he left unprotected, and the plaintiff fell in upon a dark night. That was a different case from this, where the defendant, upon the proof, was not shown to be advantaged by any use by the public of his bridge and where he was charged with no affirmative act. He had undoubtedly suffered the bridge to get out of repair. For what reason, or what his interest in its maintenance was, we are not informed, nor are we concerned, and the knowledge is immaterial to the case. We may observe, further, that the dangerous condition of the bridge was not concealed. The holes were very apparent, and the bad condition of the bridge had existed for several years. It, therefore, cannot be said that the bridge was in any sense a trap which subjected innocent persons to injury.

In the recent case of *Ivay* v. *Hedges* (9 L. R., Q. B. Div. 80), the court went very far in support of the doctrine of nonliability of an owner for injuries occasioned to others while upon his premises. There a landlord let out a house to several tenants, each of whom had the privilege of using the roof for the purpose of drying their linen. The plaintiff, one of the tenants, while on the roof, slipped, and, the rail being out of repair (and known by landlord to be so), fell through it into the court below. Lord COLERIDGE said that no liability rested upon defendant for not keeping the rail in repair, in the absence of an absolute contract for the use of the

roof.   He held that "the tenant takes the premises as he finds them."

The opinion of LINDLEY, L. J., in the case of *Burchell* v. *Hickisson* (50 L. J., Q. B. C. P. and Exch. 101) is much in point.

I think the General Term judgment proceeded upon the wrong theory, and that this case falls clearly within the doctrine laid down by the authorities I have cited.  The principle upon which the cases of *Larmore* v. *Crown Point, Splittorf* v. *State* and *Donahue* v. *State* (*supra*) were decided is applicable here;  and the opinions of Judges ANDREWS and RUGER are instructive in their bearing upon the question of liability raised in this case.   No other question in the case demands our consideration.

The judgment of the Supreme Court and of the Albany County Court should be reversed and a new trial had, with costs to abide the event.

All concur.

Judgments reversed.