JOHN A. C. NICHOLS, Appellant, v. THE CITY OF NEW ROCHELLE, Respondent.

*Negligence — injury to a conductor, on the running board of an open street car, from coming in contact with planking which shored up the sides of a trench dug for a city sewer — a verdict directed for the defendant city, set aside.*

In an action brought to recover damages for personal injuries, it appeared that the defendant city had entered into a contract for the construction of a sewer in a street in which a single-track street surface railroad was operated, and that the contractor temporarily abandoned the work, leaving the sewer trench open; that the sides of the trench were shored up with timbers extending above the street surface from four to five feet, and that this planking was so near the street surface railroad that the running boards of the open cars touched it; that at eleven o'clock on a dark and foggy June night the plaintiff, a conductor in the employ of the street railroad company, was assigned to duty on an open car on the single-track line; that about one o'clock in the morning, on the plaintiff's third round trip, while he was standing on the running board of the car collecting fares from passengers, he came in contact with the planking and was pushed off the car into the trench. '

The plaintiff testified that he did not know of the existence of the sewer trench with its projecting planking. The court submitted the case to the jury, but limited the question of the defendant's negligence to whether lights were displayed upon the planking or in such a position as to give warning of the danger. The jury rendered a verdict in favor of the plaintiff, but the court, passing upon a motion which had been reserved by agreement until after the verdict, set aside such verdict and made an order directing a verdict in favor of the defendant.

*Held,* that the judgment entered upon the verdict directed in favor of the defendant should be reversed and the verdict for the plaintiff be reinstated;

That while the court might have been justified in setting aside a verdict in favor of the plaintiff, the case did not warrant the trial judge in directing a verdict for the defendant, even though the judge did not believe the evidence of the plaintiff;

That to declare the testimony of the plaintiff false because it did not seem entirely reasonable, was the province of the jury rather than of the court;

That it could not be said, as matter of law, that the plaintiff either knew or was bound to know of the existence of the planking.

JENKS, J., dissented.

APPEAL by the plaintiff, John A. C. Nichols, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 29th day of December, 1903, upon the verdict of a jury rendered by direction of the court, a verdict having been previously rendered in favor of

SECOND DEPARTMENT, MAY, 1905.　　　　[Vol. 105.

the plaintiff for $2,500 after a trial at the Westchester Trial Term, and also from an order entered in said clerk's office on the 27th day of November, 1903, directing a verdict in favor of the defendant.

*Michael J. Tierney,* for the appellant.

*Abram J. Rose* [ *William D. Sawyer* with him on the brief], for the respondent.

WOODWARD, J. :

The plaintiff, who was a conductor on one of the trolley cars of the Westchester Electric Railway Company, was injured by coming in contact with the planks and timbers used in shoring up a sewer trench in course of construction in one of the public streets of the defendant, and by being thrown from his position on the running board of the trolley car to the bottom of the said trench, some twenty feet below the street surface. The case was tried before a jury and duly submitted to that tribunal, resulting in a verdict for the plaintiff. Thereupon the learned court, passing upon a motion which had been reserved by agreement until after the verdict, set aside the same and made an order directing a verdict in favor of the defendant. The plaintiff appeals from the judgment.

It appears that the defendant had entered into a contract with one Molloy for the construction of a sewer, and that the latter for some reason had temporarily abandoned the work, leaving the sewer trench, some twenty feet in depth, open during a period of several months, in 1902. This trench was shored up with timbers and planking, which extended above the street surface from four to five feet, and, at the point where this accident occurred, this planking was so near to the line of the single-track street surface railroad of the Westchester Electric Railway Company that the running board of the open cars touched in places. The plaintiff was employed by the railway company as a conductor, operating an open car over a short piece of road, and it appears that he had been put at work upon this particular line at about eleven o'clock in the evening, and had made several round trips over the line at the time of the accident, which occurred about one o'clock in the morning of June 11, 1902. Plaintiff's trip began at Huguenot and Mechanic streets, and ran north along North avenue, the scene of the accident, to Fifth avenue. He had made two round trips, and was on his way back

on the third trip. The car stopped and took on three passengers. Plaintiff stepped down on the running board and walked to one of the passengers, who paid the three fares. The plaintiff made the change, and started to reach for the strap or cord which is used to operate the register, when he came in contact with the planking above described and was pushed off the car and fell into the trench, receiving the injuries for which he seeks recovery. In submitting the case to the jury, the court limited the defendant's negligence to the question of whether there were lights displayed upon the planking, or in such a position as to give warning of the danger, and upon this issue the jury found in favor of the plaintiff. But, upon disposing of the motion for the direction of a verdict for the defendant, the learned court appears to have held in substance that the plaintiff was guilty of negligence contributing to the accident in occupying a place upon the running board, in view of the fact that the planking was there, and that the plaintiff must have known of the fact, or been charged with the duty of knowing it.

We are of opinion that, while the court might have been justified in setting aside the verdict, the case did not warrant the direction of a verdict, thus effectually disposing of the case upon the merits. The plaintiff was entitled to the verdict of a jury upon the issues presented by the evidence, and the mere fact that the learned justice presiding did not believe the evidence of the plaintiff is not a sufficient reason for conclusively determining the controversy in favor of the defendant. The plaintiff testified that he went to work upon this line at eleven o'clock in the evening; that he did not know of the existence of this sewer trench, with its projecting planking, and while it might seem unlikely that a man would pass over this short line five times within two hours, in an open car, lighted in the usual manner, without becoming aware of the existence of this obstruction, yet when we consider the situation fully, it can hardly be said as a matter of law that he did know it or that he was bound to know. The evidence shows that the night was dark and foggy; there was nothing in the circumstances making it the duty of the plaintiff, the conductor of the car, to make observations as to the condition of the highway. That was a duty which was intrusted to the motorman. It was the duty of the plaintiff to give the signals for the starting and stopping of the car and to collect

the fares. This was a single-track railroad; the evidence shows that there were few, if. any, passengers during the time that the plaintiff was engaged in making these runs, and if he had occasion to collect any fares the chances were practically equal that he would make use of the running board on the opposite side from that where this obstruction existed and looking through the lighted car his vision might be limited to such an extent that he would not observe the planks, or, if he did, he might not realize that they were near the car or that they were permanently in position. To declare the plaintiff's testimony false because it does not seem entirely reasonable is the province of the jury rather than of the court, and the jury appears to have accepted the plaintiff's story. . Of course, if the danger was known and obvious, and the plaintiff was in a position to have the fact in mind, he would not be entitled to recover, but he was engaged in collecting fares in the manner customary on single-track railroads operating open cars, and he had a right to assume that the highway had not been made unsafe by the acts of the defendant. He says he did not know of the obstruction; he owed no duty of knowing the fact unless it was entirely obvious, and when we consider that he was at work between eleven o'clock in the evening and one o'clock in the morning upon a line with which he was not familiar, that the night was dark and foggy, and that it does not appear that there was anything to call his attention particularly to matters outside of the car, we cannot fail to believe that it was error to direct a verdict for the defendant.

The judgment appealed from should be reversed and the verdict for the plaintiff should be reinstated, with costs.

HIRSCHBERG, P. J., BARTLETT and HOOKER, JJ., concurred; JENKS, J., read for affirmance.

JENKS, J. (dissenting):

I dissent. The plaintiff was a conductor of a street surface railway company, which worked its road in a city street wherein the defendant was digging a trench incidental to work on its sewer. The sides of the excavation were shored by planks which reached four or five feet above the ground. There was but scant space between the rails of the railway and the planking, so that the running boards of the cars just grazed by. Plaintiff,

when standing on the running board of the car taking fares, fell off the car and was injured.   He and one witness testify that he was struck by the planks of the shoring as the car was passing the excavation.

The negligence charged is that the excavation was a dangerous obstruction, carelessly and negligently permitted by the defendant to be and to remain in the said street in such dangerously close proximity to the track of the said railway company as to cause such contact and collision, and that the defendant permitted the construction to exist without guard, light, protection or supervision, notice or warning.   Certain it is that the railroad corporation could not pre-empt the street so as to prevent municipal work therein. The defendant had as much right to build its sewer in the public street as the railroad corporation had to run its cars thereon.   There is no evidence that shows or tends to show that the excavation was not necessarily or properly made at the place where it was dug.

If the defendant is to be held liable for neglect to light the place, that liability must be based upon some duty which it owed to the plaintiff.   (S. & R. Neg. [5th ed.] §§ 15, 25 ; Thomp. Neg. [2d ed.] § 3 ; *Cusick* v. *Adams*, 115 N. Y. 55.)   The purpose of lights and the like was to warn those who might, in traveling the highway, naturally come in contact with the structure.   The plaintiff was not a driver of a vehicle along the highway, or a pedestrian thereon. The car could not depart from its steel or iron way, and on its rigid course cleared the obstruction.   As to the car and those whom it carried, the city was not bound to light up the obstruction or to guard it in some similar manner.

I think that the injury to this plaintiff did not so directly result from the wrongful omission " that according to common experience and the usual course of events it might, under the particular circumstances, have reasonably been expected." (*Jex* v. *Straus*, 122 N. Y. 293, 301.)

Judgment reversed and verdict reinstated, with costs.