JAMES KRUNTORAD, APPELLANT, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, APPELLEE.

FILED FEBRUARY 26, 1924.   No. 22657.

Negligence:   LICENSEES. Where one, solely for his personal pleasure, convenience, or benefit, enters upon the premises of another with his consent, but without an invitation, express or implied, he is a bare licensee, and the occupier of the premises owes no duty to him save to refrain from wilfully or wantonly inflicting injury upon him.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Sears, Horan & Sheppard,* for appellant.

*E. P. Holmes* and *Guy C. Chambers, contra.*

Heard before MORRISSEY, C. J., LETTON and GOOD, JJ., ELDRED, District Judge.

GOOD, J.

Action to recover damages for personal injuries, alleged to have been caused by the negligence of defendant. After the evidence was taken the trial court, on motion, directed a verdict for defendant, and plaintiff has appealed.

While plaintiff was descending a stairway that had been erected against an embankment on the defendant's right of way, at a point near the intersection of Twenty-fifth and Monroe streets, in the city of South Omaha, one of the steps gave way, causing plaintiff, to fall and receive the injuries complained of in this action. Plaintiff alleges that defendant had for a long time maintained the stairway in close proximity to the regularly traveled way along Monroe street; that it had been used by the public generally, and that defendant, by maintaining the stairway, thereby invited the plaintiff and others to use the same; that defendant had negligently permitted said stairway to become in a defective and unsafe condition, which condition was not apparent to plaintiff; that, while using said stairway in a lawful and cautious manner, he was injured, as alleged in the petition.

Defendant admits that at the time plaintiff received his injuries there was a stairway at or near Monroe and Twenty-fifth streets, and near or on the right of way of the defendant, but denies that it erected or maintained the said stairway, and alleges that said stairway was erected and maintained by the city of South Omaha, Nebraska, and was constructed without the knowledge or consent of defendant.

The evidence shows that the embankment against which the stairway was erected was formerly a part of Twenty-fifth street in the city of South Omaha; that the east half of said street between Monroe and Adams street had been vacated and conveyed by the city of South Omaha to the defendant some years before, and that the stairway in ques-

Kruntorad v. Chicago, R. I. & P. R. Co.

tion was on that part of defendant's right of way which had formerly been a part of Twenty-fifth street. Across the defendant's right of way and near the north side of Monroe street is a cinder walk. The foot of this stairway is a few feet north of the cinder walk. The evidence does not disclose when, nor by whom, the stairway was originally erected, nor does it show that the defendant ever repaired or maintained the same in any manner. It discloses that a considerable number of people habitually, or at least occasionally, used this stairway for their own private purposes or pleasure, and that plaintiff at the time he received his injuries was using the stairway for his own convenience and while attending to his personal business, which had no connection with any business dealings or transactions with the defendant railroad. While there were some cinders scattered on the ground between the cinder walk and the bottom of the stairway, it was apparent to any one of ordinary intelligence that the stairway was not a part of the public crossing or footway over the defendant's right of way.

Plaintiff contends that it is immaterial by whom the stairway was erected; that plaintiff was upon the premises as a licensee by invitation; that defendant owed him the duty to see that the premises upon which he was invited were reasonably safe; that the question of defendant's negligence in failing to keep the stairway in repair and plaintiff's resulting injuries and damage should have been submitted to the jury, and that the trial court erred in directing a verdict for the defendant. On the other hand, defendant argues that plaintiff was upon the stairway either as a trespasser or as a oare licensee; that it was under no obligation to keep the stairway in repair, and that it owed no duty to plaintiff other than not to wilfully injure him.

There is much confusion from the failure of courts to distinguish between a license and an invitation, and particularly between an implied license and an implied invitation. An invitation is inferred where there is a common interest or mutual advantage, or where an owner or occu-

pant of premises, by acts or conduct, leads another to believe the premises, or something thereon, were intended to be used by such other person; that such use is not only acquiesced in by the owner or occupant, but is in accordance with the intention or design for which the way, place or thing was adapted or prepared or allowed to be used; while a license is implied where the object is the mere pleasure, convenience or benefit of the person enjoying the privilege. *Shults v. Chicago, B. & Q. R. Co.*, 83 Neb. 272, 91 Neb. 587; *Greenfield v. Miller*, 173 Wis. 184, 12 A. L. R. 982; *Bennett v. Louisville & N. R. Co.*, 102 U. S. 577; *Jonosky v. Northern P. R. Co.*, 57 Mont. 63; *Cusick v. Adams*, 115 N. Y. 55; *Hicks v. Gulf, C. & S. F. R. Co.*, 212 S. W. (Tex. Civ. App.) 840; 20 R. C. L. 69, sec. 60; 2 Words and Phrases (Second Series) 1190 *et seq.*; 3 Words and Phrases (Second Series) 126 *et seq.*

The facts as disclosed by the record show unmistakably that plaintiff's use of the stairway in question was for his own convenience and benefit. It fails to show that there was any common interest or mutual advantage to plaintiff and defendant in the use of the stairway, and there is no evidence that would justify an inference that defendant intended or designed that third persons should use the stairway in question. Under the circumstances disclosed, it is clear that plaintiff was a bare licensee, and not a licensee by invitation. The case falls within the rule announced in *Shults v. Chicago, B. & Q. R. Co.*, supra, and *Chesley v. Rocheford & Gould*, 4 Neb. (Unof.) 768, wherein the rule is announced in the following language: "Where one enters upon the premises of another with his consent, but without an invitation, and not in the discharge of any public or private duty, he is a bare licensee, and the occupier of the premises owes no duty to him as long as no wanton or wilful injury is inflicted upon him by the licensor or his servants."

See *Lepnick v. Gaddis*, 72 Miss. 200, 26 L. R. A. 686, and note; *Pittsburgh, Ft. W. & C. R. Co. v. Bingham*, 29 Ohio St. 364; *Vanderbeck v. Hendry*, 34 N. J. Law, 467; *Illinois*

C. R. Co. v. Godfrey, 71 Ill. 500; Redigan v. Boston & M. R. Co., 155 Mass. 44, 14 L. R. A. 276; 33 Cyc. 774, 775.

It follows that defendant was under no legal obligation to keep the stairway in a safe condition for plaintiff's use as a bare licensee. The ruling is based on reason and is in harmony with sound legal principles. The judgment is

AFFIRMED.