## Baringer v. Zachery.

(Decided December 19, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. **Master and Servant—Stranger Assisting Servant in Emergency Not Mere Volunteer.**—Stranger assisting servant in emergency is not mere volunteer, but, though not fellow servant, he is entitled to same protection from master as other servants.

2. **Master and Servant—Instruction, Making Employer Liable for Injuries to Stranger Aiding Servant, Held Erroneous as Not Requiring Emergency to Exist.**—Instruction, that stranger injured while aiding servant in moving wagon was entitled to recover from driver's employer, even if his assistance was not requested by driver, held erroneous as ignoring requirement that aid be rendered in emergency to make employer liable.

3. **Master and Servant—Whether Emergency Existed so as to Entitle Stranger Assisting Servant to Recover, Held Fact Question.**—Whether emergency existed so as to entitle stranger, injured while assisting servant, to recover from master, held question of fact for jury.

J. S. LUSCHER for appellant.

GEO. C. BURTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellee Zachery was awarded a verdict for $225.00 in damages for personal injury on which the judgment appealed from was entered. He was a laborer gathering iron and other junk from a dump in the city of Louisville but had no connection with appellant, Arthur Baringer, who was engaged, through servants, in hauling waste to

the dump. One of appellant's teams in charge of a colored man named Owens brought a load on to the dump and stalled, that is, the wagon stuck and the team could not move it or would not do so. After making efforts the driver of the team, a servant in the employ of appellant Baringer, called appellee Zachery to give him a lift at the wheel of the wagon, and, according to the testimony of Zachery, he consented to do so in order to help the driver out in an emergency. He took hold of the wheel in an effort to help back the wagon while the driver was on the wagon holding the reins and controlling the team. While appellee was lifting at the wheel trying to get the wagon out the driver pulled the team around so that one of the animals stepped on the ankle of appellee Zachery and broke a bone causing a very painful and severe injury, for which this suit was brought to recover damages.

Appellant Baringer defended upon the ground that Zachery was not in his employ but a mere volunteer to whom he was not liable in any event for an injury received while helping to loosen the wagon. He also denied that there was an emergency calling for the assistance of Zachery and says that his driver did not request Zachery to help move the wagon.

Upon these facts he insists that a verdict should have been directed in his favor.

It is well settled that a stranger who is injured while rendering assistance to a servant of the master in an emergency, is not upon the plane of a mere volunteer or intermeddler, and, therefore, barred of recovery, but is an emergency assistant whom the servant had a right to engage and when his assistance is enlisted in an emergency is owed the same duty by the master and entitled to the same protection from the master as any other servant engaged in like employment, but is not a fellow-servant with those regularly engaged. We so held in the case of Central Kentucky Traction Co. v. Martin, 147 Ky. 110, saying:

"The rule is that a person who is not authorized to perform as a servant the work in which he is injured, cannot recover of the master if he is injured, damages for his injury, because the master not having authorized him to act owes him no duty. There is an exception to this rule where the injured person is an emergency assistant acting at the request of an

employe, who has under such circumstances, authority to request his assistance, although ordinarily he is not invested with such power. 2 Labatt on Master and Servant, section 631. Thus, in Sloane v. Central Iowa Railway Company, 62 Iowa 728, 16 N. W. 331, a conductor whose crew was short requested a third person to act as brakeman on his train; the regular brakeman being absent. It was held that the conductor, though not ordinarily authorized to hire brakemen, had authority to supply the place of the absent brakeman for the time being. The same principle was applied in Aga v. Harbach, 127 Iowa 144, 102 N. W. 833, 109 Am. St. Rep. 377, where an engineer requested another to help him adjust an electric light in the engine room. In Georgia Pac. R. R. Co. v. Probst, 83 Ala. 518, one of the brakemen on the train became violently sick and the conductor requested a third person to act as brakeman in his place. It was held that the person so acting in the emergency could recover for an injury received. In L. & N. R. R. Co. v. Ginley, 100 Tenn. 472, 45 S. W. 348, the conductor, in an emergency, requested a third person to help him, when his brakeman was otherwise employed, and could not make a coupling. A recovery by the person who was thus injured was sustained.''

The text of 18 R. C. L. 580, says:

"If an unforeseen contingency or emergency arises, rendering it necessary in the employer's interest that his employe have temporary assistance, the law implies authority to procure such necessary help; and a substitute or assistant procured under these circumstances is entitled to the same measure of protection as any other employe in the service. It is the emergency that gives rise to the implied authority, and if it does not in fact exist then neither does the implication of authority arise. Whether the circumstances of any particular case constitute what may be deemed an emergency is generally a question for the jury's determination.''

A great many cases holding the master liable for injury to a volunteer are collected under a note to Hunter v. Corrigon (Ky.), reported in 43 L. R. A. (N. S.) 187.

The court in instructing the jury correctly submitted the case by its first instruction, but instruction No. 2 was erroneous in that it told the jury in substance to find for appellee Zachery if it believed from the evidence that he undertook to aid in moving the wagon without any request from the driver; or if the driver knew that appellee Zachery was undertaking to aid in moving the wagon by lifting the wheel, and knew that appellee was in a place of danger from the team, and while that condition existed, if it did exist, the driver pulled the team around so that one of the mules stepped on and injured appellee. This instruction ignores the emergency principle upon which all the cases of this character are rested, and makes appellee Zachery a servant of appellant Baringer without his knowledge or consent, a rule never recognized in this jurisdiction.

Appellant Baringer was not entitled to a directed verdict in his favor. The question of whether there was an emergency was one of fact for the jury. Upon another trial the court will omit instruction No. 2. For the reasons indicated the motion for appeal is sustained, and the judgment is reversed for new trial consistent herewith.

Judgment reversed.