OHM etc v MILLER et

Ohio Appeals, 6th Dist, Lucas Co

No 2054. Decided Nov 13, 1928

Miller, Brady & Yager, Toledo, for Ohm

Smith, Baker, Effler & Eastman, Toledo, for Miller et.

WILLIAMS, J

There is evidence in the record to the contrary, but for the purpose of determining whether the court ᴄʳʳed in directing a verdict, we must take the evidence most favorable to the plaintiff. **Pope, Admx. vs. Mudge, et al., 108 Ohio St., 192.** It is a rule that ordinarily a master owes no duty to a person who, without promoting or protecting any interest of his own, voluntarily assists the servant, except the duty not to wantonly or wilfully injure him.

**Street Railway vs. Bolton, 43 Ohio St., 224; Railroad vs. Marsh, 63 Ohio St., 236, 243; Bowling Green Railway Co. vs. Pfisterer, 5 CC, NS 359; 45 C. J., 846, Sec. 253.**

In the instant case the boy got out of the truck into the alleyway and went into the garage at the request of the driver, to assist him in backing in, but he did not go in to subserve any interest or purpose of his own.

There is, however, another rule, within which the instant case comes. It may be stated thus: Where an unforeseen happening or emergency arises that makes it to the interest of the master, that his servant in charge of his work should have temporary assistance therein, and to meet the emergency and serve his master's interest, the servant calls upon a person for assistance, and that person, in answering the call and performing the work requested, sustains an injury, the person assisting in compliance with the request is' not a mere volunteer and the master, through the servant, owes to the person so assisting the duty to exercise ordinary care..

Baringer vs. Zachary, 206 Ky., 229; Railroad vs. Bagwell, 40 L. R. A.., N. S. 1180, and annotations;

Houghton vs. Pilkenton, 26 Anno. Cases, 790, and annotations.

The reasons upon which this rule is founded may be stated thus: One who comes upon the land of another by express or implied invitation of the owner or occupant, is a licensee by invitation, and the owner or occupant owes the invitee the duty of of ordinary care.

Railroad vs. Means, 104 N. E. 785; Railroad vs. Means, 108 N. E. 375; Hargraves vs. Deacon, 25 Mich., 1; Giedeman vs. Transport Co., 12 Court of Appeals Opinions, 6th District, unreported, p. 163.

A servant of the master may invite one upon the master's premises so as to make him a licensee by invitation, provided the servant has express or implied authority to extend the invitation. 45 C. J., 822, Sec. 232. Upon emergency the law implies the authority of the servant to procure necessary help in the interest of the master.

In the instant case there is evidence tending to show that an emergency existed, that the plaintiff was called by the master's servant to assist in the interest of the master, that he was injured by the backing of the truck while so assisting, that plaintiff was a licensee by invitation, and that defendant Schaefer, in the operation of his truck, was guilty of negligence which was the direct and proximate cause of injury to plaintiff. The cause should have been submitted to the jury.

The claim has been made that if the plaintiff was not a volunteer, he was barred of his right of recovery nevertheless by the fellow servant rule. Under **Section 6244, G. C.**, the fellow servant rule has no application where the negligent act of the fellow servant in "done in obedience to the immediate, or peremtory instructions or orders given by the empolyer, or any person who has the authority to direct the doing of said act."

As the plaintiff was a child about twelve years of age, we could not say that he was guilty of contributory negligence as a matter of law.

For prejudicial error in directing a verdict for the defendant Schaefer, the judgment of the court below will be reversed and the cause remanded for a new trial.

Richards and Lloyd, JJ., concur.