## HOWLAND v. TRI-STATE THEATRES CORPORATION.

No. 12635.

Circuit Court of Appeals, Eighth Circuit.

Jan. 5, 1944.

George A. Lee, of Lincoln, Neb., and Emmet S. Brumbaugh, of Omaha, Neb. (Lee & Bremers and Gray & Brumbaugh, all of Omaha, Neb., on the brief), for appellant.

George L. DeLacy, of Omaha, Neb. (J. A. C. Kennedy, Yale C. Holland, and Ralph E. Svoboda, all of Omaha, Neb., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment of a District Court dismissing the complaint

in an action for damages for personal injuries.

The appellee corporation operates a theatre in Omaha, Nebraska. Appellant is a resident of Council Bluffs, Iowa. On the night of his injury, appellant, accompanied by his wife and the wife of a brother employed by appellee as a stagehand, was in Omaha for the purpose of attending an auction. After the auction the party called at appellee's theatre, for the purpose of taking appellant's brother home when the theatre closed after the night's performance, entering the theatre through a rear door, from which they proceeded to the stage to await the closing of the house. The door through which they entered was usually kept locked, but for some reason, unexplained in the evidence, it was open on the night of the accident. The call at the theatre, however, was not made by prearrangement with appellee's stagehand employee, nor with the knowledge or consent of any officer of the appellee corporation, nor was it according to a custom known to appellee's officers.

It was the duty of appellee's stagehand employee to close the theatre after the last performance for the night. This required, among other things, that he lower the asbestos fire curtain with which the stage was equipped, and then raise it to a point ten or twelve feet above the level of the stage floor and leave it in that position over night. On the occasion involved in this action, the mechanism operating the curtain worked as usual and satisfactorily while the curtain was being lowered. However, when the stagehand attempted to raise it, the mechanism failed to work. The stagehand was unable to raise it to a point more than two feet above the stage floor. The curtain was raised and lowered by a system of steel cables, pulleys, and counterweights, which permitted its operation ordinarily by one stagehand by pulling on a rope attached to the cables and situated at one end of the curtain. The mechanism was also designed to work automatically in case of fire, in which event, fusible links in the steel cable were melted by the heat generated by the fire, causing the release of a counterweight suspended at a point approximately sixty feet above the stage floor, the descent of which automatically lowered the curtain.

The stagehand on duty made an inspection of the mechanism by which the curtain was operated and was unable to discover the cause of its failure to operate. He announced his intention of calling on the telephone one Kemp, the employee of the theatre who had charge of the repair and maintenance of the curtain-operating mechanism. There was, however, present on the stage another employee of appellee, who was not on duty at the time. He was there only for the purpose of a social visit with the stagehand on duty. He suggested that before Kemp was called that he and the appellant would attempt to raise the curtain by pulling on the rope designed for that purpose, while the stagehand placed a stepladder under the curtain, presumably to hold it at the proper level. Appellee's employee accepted this offer. When the attempt to raise the curtain was made, the heavy counterweight of the mechanism, automatically operating the curtain in case of fire, fell to the stage, striking and seriously injuring appellant.

The theory upon which appellant's action is founded is that, upon the invitation of appellee's stagehand on duty to assist him in the raising of the curtain, he became in that operation an employee of the appellee corporation, and, as such, entitled to a safe place in which to work.

Appellant charged negligence on the part of the theatre company in the maintenance of the mechanism by which the asbestos fire curtain was operated, alleging failure of the company to exercise ordinary care in the inspection and maintenance of the equipment, failure to have on duty at the time of the accident an employee properly skilled in its operation, and failure to warn the appellant of the dangers, unknown to him, incident to his supposed employment. A motion to dismiss was made at the conclusion of the appellant's evidence. The district judge concluded on this evidence that appellant at the time of his injury was a mere licensee on appellee's premises, to whom appellee owed no duty except to refrain from wantonly and willfully injuring him; and further that, even if appellant at the time of his injury was an invitee, or an employee of appellee by invitation, the evidence on his behalf failed to show negligence on the part of appellee as charged in the complaint. Error is assigned in respect to both conclusions.

 Since a master is responsible for the negligence of his servants committed in the course of their employment, and is

also under the duty of exercising reasonable care to furnish his servants with a safe place in which to work and with safe appliances for use in his work, he has the absolute right to say who his servants shall be and to fix the scope of their employment and the limits of their authority. It is not contended by appellant that the appellee corporation, or anyone having express authority from the appellee corporation so to do, employed the appellant to assist in raising the curtain in the theatre. But appellant contends that appellee's stagehand, in the circumstances revealed by the evidence, had the implied authority to employ appellant to assist in raising the theatre curtain to the required height above the stage, and that appellant, therefore, became an employee of appellee for the time being and, as such, entitled to a safe place in which to work. Appellant relies upon the well-recognized rule that the law implies the authority of a servant, otherwise unauthorized, in cases of emergency arising in the course of his employment, to employ necessary help in the interest of the master. Baltimore & O. S. W. R. Co. v. Burtch, 263 U.S. 540, 44 S.Ct. 165, 68 L.Ed. 433; Booth & Flynn v. Price, 183 Ark: 975, 39 S.W.2d 717, 76 A.L.R. 957; Diefenbach v. Great Atlantic & Pacific Tea Co., 280 Mich. 507, 273 N.W. 783. And see Maxson v. J. I. Case Threshing Machine Company, 81 Neb. 546, 116 N.W. 281, 16 L.R.A.,N.S., 963. The infirmity in appellant's case, however, as the trial judge found, is that the evidence on his behalf failed to establish the existence of an emergency justifying the exercise by appellee's stagehand of an authority which he otherwise did not possess.

▪▪▪ As showing the existence of an emergency authorizing appellee's stagehand to employ assistance in the interest of the appellee corporation, a rule of the Fire Department of the City of Omaha, requiring the raising of the asbestos curtain to a height of ten or twelve feet above the stage floor at the close of the theatre at night, is relied on. The purpose of this municipal regulation was to permit a night watchman or any person in the front of the theatre an unobstructed view of the stage and the rear of the building. But there is nothing in the evidence to show that the failure to comply with the regulation of the fire department would have exposed the theatre company or third persons to any particular or immediate risk, nor to

indicate that the necessity of compliance with the ordinance, in the circumstances shown by the record, was so immediate as to justify the employment by a mere stagehand of assistance for that purpose. Especially is this true in view of other facts revealed by testimony for appellant. The stagehand was within easy telephone communication with his superiors, the managing officers of the theatre, as well as with another employee of the company whose duty it was to repair and maintain the curtain-raising mechanism which had failed to work. Authority in a servant to employ another to assist him in the service of the master may only be implied when the emergency confronting the servant is a real one. It is not sufficient that the servant or the person employed believes that an emergency exists when in fact it does not. Ryan v. Phipps, 146 App.Div. 642, 131 N.Y. S. 438; Central Kentucky Traction Co. v. Miller, 147 Ky. 110, 143 S.W. 750, 40 L.R. A.,N.S., 1184. The emergency must be one which arises unexpectedly in the absence of the master, and which requires the servant to act for the immediate protection of his employer's interests. Marks v. Rochester R. Co., 146 N.Y. 181, 40 N.E. 782. We are not aware of any case which holds that, even in an emergency, an employee without authority to employ others in the work of his master may do so when the master is present or when he may be easily and immediately consulted. Appellant admits that he entered appellee's premises as a bare licensee. In our opinion, nothing occurring after his entry was sufficient to change his status to that of an invitee or an emergency employee of appellee.

We are unable to agree with appellant that the law of Nebraska, as declared in Maxson v. J. I. Case Threshing Machine Company, supra, compels a conclusion contrary to that which we have reached. That case is not authority for the proposition that, because an employee is the only person engaged in a particular work for his master, he is authorized to employ others to assist him, even in the absence of an emergency. The decision in the Maxson case turned upon the apparent authority of the servant in view of the character of the work which he was doing. The basis of the decision is a familiar rule that a principal is liable for the acts of his agent done within the apparent scope of his authority. The character of the work being

done in the Maxson case and the circumstances surrounding it were such that the employment of assistance on the master's account must have been contemplated by the master, or at least were such as to entitle third persons to rely on the apparent authority of the servant to employ another to help him in the work. See and compare Levin v. City of Omaha, 102 Neb. 328, 167 N.W. 214. Moreover, the facts in the Maxson case would, in our opinion, have sustained the finding of an emergency, requiring the employment of a helper for the servant in charge of the work. The defendant company in that case had arranged for a demonstration of one of its machines in Nebraska and had placed in sole charge of the demonstration, which was arranged for a day certain, an expert sent to Nebraska for that purpose. The company was domiciled in a distant State. The machine was cumbersome and complicated. The expert who was to demonstrate the machine had arrived on the scene late in the morning of the day fixed for its exhibition. The injured party was employed by the servant to assist him in putting the machinery in shape for the demonstration which had been arranged. The evidence on whether the servant needed assistance was in sharp conflict, but it was clear that, if assistance was needed, the very purpose for which the servant was present and in charge of the work could not have been realized without it. The situation in the present case was entirely different. Appellee's servant was a mere stagehand. His duty did not include the repair or maintenance of the equipment of the theatre. Its failure to work imposed no sudden responsibility upon him nor caused any immediate threat to his employer's interest. He had available means of prompt communication with his superiors. Nothing in the situation suggested his authority to employ assistance without the knowledge of his employer.

The cases from other jurisdictions relied on by appellant fail to support the appellant's argument. They concern situations involving real emergencies, or in which the court found actual or apparent authority in the servant to hire the emergency employee, or situations in which a third party was injured by the negligence of one employed by a servant to assist in the master's work. Of the cases relied on, Baringer v. Zachary, 206 Ky. 229, 267 S.W. 182, and Ohm v. Miller, 31 Ohio App. 446, 167 N.E.

482, involved a real emergency, justifying the servant's employment of another to assist him. The decisions in these cases support the conclusion we have reached here. Johnson v. Ashland Water Co., 71 Wis. 553, 37 N.W. 823, 5 Am.St.Rep. 243, is typical of the second class. In that case defendant's foreman, in charge of the work of laying pipe and having authority to employ men to do the work, asked the plaintiff to give temporary assistance in handling one of the pipes. The decision turned upon the authority of the foreman. Newport News & M. V. Railway Company v. Carroll, 31 S.W. 132, 17 Ky.LawRep. 374, falls into the same class. The basis of the opinion in this case is a finding of authority in defendant's servant to employ others to assist him. Hollidge v. Duncan, 199 Mass. 121, 85 N.E. 186, 17 L.R.A.,N.S., 982; Szyperski v. Swift & Co. et al., 198 Minn. 154, 269 N.W. 401; and Brown v. Murphy Transfer & Storage Co. et al., 190 Minn. 81, 251 N.W. 5, are examples of the third class of cases relied on by appellant. In these cases, the liability of the master was based upon the ground that the negligence of the person employed by the servant was in law the negligence of the servant employing him. The existence of an emergency was, therefore, not important to their decision. See Geiss v. Twin City Taxicab Co., 120 Minn. 368, 139 N.W. 611, 45 L.R.A., N.S., 382; Haluptzok v. Great Northern Railway Company, 55 Minn. 446, 57 N.W. 144, 26 L.R.A. 739.

■ It follows from what we have said that, there being no real emergency justifying the finding of implied authority in appellee's stagehand for the employment of appellant in the present case, he was merely a licensee, who, under the law of Nebraska, took his license at his peril, and to whom the appellee owed no duty except to refrain from willfully or wantonly injuring him. Shults v. Chicago, B. & Q. Railway Company, 83 Neb. 272, 119 N.W. 463; Collins v. Sprague's Benson Pharmacy, 124 Neb. 210, 245 N.W. 602; Kruntorad v. Chicago, R. I & P. R. Co., 111 Neb. 753, 197 N.W. 611. And since we hold that appellant was a bare licensee, it is unnecessary for us to consider whether appellee was guilty of negligence in the maintenance and operation of its curtain-raising mechanism, there being no suggestion in the record that appellee's dereliction in that respect, if any, was either wanton or willful.

564

We have considered appellant's assignments of error in the court's rulings upon evidence and find them without merit.

Appellee prepared a printed supplemental record of proceedings in the District Court and presents a motion to tax the expense as costs in this case. We think the record prepared by appellant was sufficient. The motion is denied.

The judgment of the District Court is affirmed.