## MYERS v. ATCHISON, T. & S. F. RY. CO. et al.

### No. 150.

District Court, E. D. Missouri, N. D.

Feb. 2, 1944.

Frank Mattes, of Jefferson City., Mo., Ben L. White, of Marceline, Mo., and Trusty, Pugh, Green & Trusty, of Kansas City, Mo., for plaintiff.

Cyrus Crane, John H. Lathrop, Winston H. Woodson, and Sam D. Parker, all of Kansas City, Mo., Harry K. West, of Brookfield, Mo., and Fuller, Fuller & Ely, of Hannibal, Mo., for defendant Atchison, T. & S. F. Ry. Co.

Chet D. Vance, of Kansas City, Mo., for defendant J. T. Wilcox.

DUNCAN, District Judge.

This is an action for the death of plaintiff's husband, alleged to have been killed by a collision between a train operated by the defendant railway company, and a truck owned by the defendant J. T. Wilcox, and operated by Herbert Jenkins, and in which the deceased was riding as a guest at the time of the collision.

Plaintiff and defendant Wilcox are residents of the State of Missouri. The defendant The Atchison, Topeka & Santa Fe Railway Company, is a corporation, organized under the laws of the State of Kansas.

The collision occurred near the town of Snyder, in Linn County, Missouri, and plaintiff filed her petition in the Circuit Court of Linn County, Missouri, and it was removed to this court. Plaintiff filed her Motion to Remand to the state court, and it is with that motion that we are now concerned.

The only allegation in plaintiff's petition with respect to the relations between the deceased and defendant J. T. Wilcox is as follows:

"Plaintiff further states that the defendant, J. T. Wilcox, owned and operated the truck herein referred to at the time and place in question and that said truck was being operated by defendant Wilcox' Employee, —— Jenkins, in the scope of his employment, going to the farm of said Wilcox near Snyder, Missouri. * * *

"That at said time and place the truck of the defendant J. T. Wilcox, was so being driven by his employee in the scope of his employment and the plaintiff's husband was then and there in said truck as a *guest* under arrangements to go along and help load said truck, and had no right of control over the driving or operation of said truck." (Italics supplied).

That the general statements in plaintiff's declaration are followed by five specific acts of negligence alleged against the nonresident defendant, The Atchison, Topeka & Santa Fe Railway Company, the fourth of which is based upon the humanitarian doctrine. The only allegation of negligence charged against the defendant J. T. Wilcox is in paragraph six of the petition, and is as follows: "That at said time and place the operator of the truck for the defendant Wilcox was also guilty of a reckless disregard of the safety of her husband in that he failed to heed the danger of said train and turn said truck to the right or to the left to avoid said

collision when plaintiff's husband was in *helpless and imminent peril of said collision.*"

The driver of the truck was also killed. There is no allegation in the petition that the defendant Wilcox owed any duty or responsibility to the deceased, nor that there were any contractual relations between them. Affidavits have been filed by plaintiff and by the resident defendant. The resident defendant in his affidavit denies the relationship of master and servant existed between him and the driver of the truck. He states that there had been such relationship, but that it had been terminated prior to the death of the deceased. It is admitted that the defendant Wilcox was not in the truck and had not been during the time the deceased was a guest therein.

The motion to remand is accompanied by the affidavit of several persons, including that of the plaintiff. Plaintiff's affidavit refers only to the relationship between her deceased husband and Herbert Jenkins, the driver of the truck. Other affidavits filed in support of the Motion to Remand have to do only with the ownership of the truck by the defendant Wilcox. There is no allegation in the petition, or in any of the affidavits to the effect that Jenkins had been authorized to invite the deceased to become a guest in the truck, or that he was there in any other capacity than as a guest of the operator of the truck.

I do not believe that the facts alleged in the plaintiff's petition constitute a cause of action against the defendant Wilcox. Howland v. Tri-State Theatres Corporation, a Corporation, 8 Cir., 139 F. 2d 560, January 5, 1944. If there was no cause of action alleged against the resident defendant, the cause is removable.

"Where a nonresident corporate employer and a resident employe are joined as defendants, the employer may remove the case, if the declaration states no cause of action against the individual defendant." Plunkett v. Gulf Refining Company, D.C., 259 F. 968; Donaldson v. Tucson Gas, E. L. & P. Co., D.C., 14 F.Supp. 246; Macutis v. Cudahy Packing Company et al., D.C., 203 F. 291.

There is no allegation in the petition of any relationship whatsoever between the resident defendant and the deceased; there is no statement in any affidavit supporting the Motion to Remand that there was any such relationship; on the contrary, every inference to be drawn from such allegation in the petition and statements in the affidavits indicate that there was no relationship between them. I can draw but one conclusion from the joining of the defendant Wilcox as a party, and that is that it was without foundation and without hope of recovery, and therefore fraudulent. That being true, the cause is removable by the non-resident defendant. Gable v. Chicago, M., St. P. & P. R. Co., D. C. W. D. Mo., 8 F.Supp. 944.

In view of the foregoing, the motion to remand is overruled.