## LICHT et al. v. CANADA DRY GINGER ALE, Inc.

### Civ. No. 27909.

District Court of United States
N. D. Ohio, E. D.
May 24, 1951.

Howard M. Metzenbaum, Cleveland, Ohio, for plaintiff.

James A. Butler, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This personal injury action was commenced in the Common Pleas Court of Cuyahoga County and removed to this court on the ground of diversity of citizenship between the parties. Defendant now moves the court for summary judgment in its favor. It is defendant's contention that the applicable law of the State of Ohio requires proof of wilful or wanton misconduct for recovery in this action. It asserts that the undisputed facts reveal no such conduct.

Defendant cites Section 6308–6 of the Ohio General Code, the so-called "Guest Act." Section 6308–6 provides, inter alia, that an owner, or person responsible for the operation of a motor vehicle, shall not be liable for injuries to guests "while being transported without payment therefor * * * unless such injuries * * are caused by the wilful or wanton misconduct" of the owner or person responsible for the operation of the vehicle.

■ In the leading case of Dorn v. Village of North Olmsted, 133 Ohio St. 375, 14 N.E.2d 11, 14, the Supreme Court of Ohio defined a guest to be one who is invited to enjoy the hospitality of the driver of the car and who "accepts such hospitality and takes a ride either for his own pleasure or on his [own] business without making any return to or conferring any benefit upon the driver of the car other than the mere pleasure of his company."

■ In this case, it appears from the allegations of the petition that plaintiff conferred a benefit upon defendant in that he drove defendant's truck at the request of defendant's servant when the servant was in a tired and exhausted condition, and upon urgent business of his employer. In any event, plaintiff raises an issue as to whether or not a benefit was conferred. Under Fed.Rules Civ.Proc. Rule 56, 28 U.S. C.A., a court may not render summary judgment in favor of the moving party if there is a "genuine issue" as to any material fact.

Although its position is not entirely clear, defendant seems to assert that even if general rules of law are to apply, plaintiff cannot recover, because he was a mere volunteer assisting the servant of defendant, recovery in such case being limited to injuries caused by the wilful or intentional acts of the servant. 26 Ohio Jur. 650.

■ It is not established by undisputed facts that plaintiff was a mere volunteer in the situation prevailing at the time of the accident. Plaintiff's evidence will at least tend to show that the servant of defendant had implied authority to permit him to operate defendant's truck because of an emergency situation. The law of Ohio implies the authority of a servant in his master's interest to procure necessary help in an emergency. Ohm v. Miller, 31 Ohio App. 446, 167 N.E. 482, 483. One who renders assistance under such circumstances is not a mere volunteer, and "the master, through the servant, owes * * the duty to exercise ordinary care". Ohm v. Miller, supra.

There seem to be issues of fact to be resolved in this case, and, therefore, summary judgment must be denied.