BALTIMORE & OHIO SOUTHWESTERN RAIL-ROAD COMPANY *v.* BURTCH, ADMINISTRA-TRIX OF BURTCH.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 115.   Argued December 3, 4, 1923.—Decided January 7, 1924.

1. In determining whether a case appealed from a state court should have been governed by the Federal Employers' Liability Act, uncontradicted evidence establishing the interstate character of a shipment must prevail here over the special findings and general verdict of the jury. P. 543.

2. Authority of the conductor of a freight train to employ a bystander to assist in unloading heavy freight may be derived from custom and the exigency of the occasion.  P. 543.

3. The unloading, at destination, of an interstate shipment, by employees of the carrier, is so closely related to interstate commerce as to be practically a part of it.  P. 544.  *Shanks* v. *Delaware, Lackawanna & Western R. R. Co.,* 239 U. S. 556.

4. The liability of an interstate carrier for an accident suffered by a part owner of a heavy article of freight while assisting, as the carrier's employee, in unloading it from the car, was not affected by the existence of a rule filed by the carrier with the Interstate Commerce Commission requiring owners of such articles, under stated conditions, to unload them, since the rule did not affect the relations between the carrier and its employees, but must be observed only to prevent discrimination among shippers, and failure to enforce it was no part of the cause, but was merely an attendant circumstance, of the accident.  P. 544.

134 N. E. 858, reversed.

CERTIORARI to a judgment of the Supreme Court of Indiana, affirming a judgment, for personal injuries, recovered by the respondent's intestate in an action against the petitioner.

*Mr. William A. Eggers,* with whom *Mr. Morison R. Waite, Mr. Harry R. McMullen* and *Mr. Cassius W. McMullen* were on the briefs, for petitioner.

*Mr. Oscar H. Montgomery,* with whom *Mr. T. Harlan Montgomery, Mr. Merrill Moores* and *Mr. Wm. J. Hughes* were on the brief, for respondent.

Mr. Justice SUTHERLAND delivered the opinion of the Court.

This is an action brought by Guerney O. Burtch against the Railroad Company to recover damages for a personal injury suffered, as a result of the company's negligence, while he was engaged in assisting to unload a heavy ensilage cutter from a freight train at Commiskey, Indiana.

After the allowance of the writ of certiorari Burtch died and his administratrix was substituted as respondent.

The complaint is in two counts, the only one necessary to be considered being drawn upon the theory that at the time of the injury Burtch was an employee of the company and both were engaged in intrastate commerce. The answer denies the allegations of the complaint and alleges facts to establish that at the time of the injury they were engaged in interstate commerce. The contention, therefore, upon the one hand, was that the case was governed by the State, and upon the other hand, that it was governed by the Federal, Employers' Liability Act. The distinction is material, since certain common law defences abrogated by the former, are still available under the latter.

It is clear that the trial court assumed that the state and not the national law applied and the case was submitted to the jury upon that theory; and this presents the only question which it is necessary for us to consider. The jury returned a verdict in Burtch's favor, the judgment upon which was affirmed by the Supreme Court. 134 N. E. 858.

That the train carrying the cutter came from Louisville, Kentucky, is not disputed; but it is contended that there was no evidence from which it could be determined that the shipment originated there or at any other point outside the State of Indiana; and the jury, in answer to certain interrogatories, so found. These interrogatories and answers are as follows:

" Did said car come in said train from Louisville, Kentucky, to Commiskey?

"Ans.   The train came from Louisville.   No evidence where car came from.

" Did said cutter come to said Commiskey in said car from Louisville, Kentucky?

"Ans.   No evidence."

If, in truth, there be no evidence from which these facts can be found or if the evidence be conflicting, we can, of course, inquire no further. · But if, on the contrary, the uncontradicted evidence affirmatively establishes that the shipment originated in Louisville, Kentucky, and thence was carried to Commiskey, Indiana, it was an interstate shipment, and neither the special findings nor the general verdict will preclude us from so holding.   Lurton, the consignee, testified that he obtained the cutter " through an Indianapolis concern but it was shipped from a warehouse in Louisville," and that the bill of lading was made out to him from Louisville to Commiskey.   Hartwell, a telegraph operator, testified that the freight train came from Louisville and " this cutter was in one of the cars of that train that came from Louisville."   This constitutes the entire evidence upon the point and plainly establishes the interstate character of the shipment.   But this is not enough.   It is necessary to show further that " the employee at the time of the injury [was] engaged in interstate transportation or in work so closely related to it as to be practically a part of it."   *Shanks* v. *Delaware, Lackawanna & Western R. R. Co.*, 239 U. S. 556, 558.

There is a preliminary dispute as to whether Burtch stood in the relation of employee at the time of the injury, and this we first consider.   The testimony shows that Burtch was not regularly employed but that he engaged in this particular work at the request of the train conductor, because it was necessary to unload the cutter and the train crew was unable to do so without help.   The evidence tends to show that the conductor, in making the request, followed a long-standing practice to call upon bystanders to assist in unloading heavy freight.   These facts, either undisputed or established by the verdict of the jury under appropriate instructions, are ample to sustain the conclusion reached below that there was an exigency which authorized the conductor to employ out-

side assistance and that Burtch, for the time being, occupied the relation of employee to the company. See, for example, *Marks* v. *Railway Co.*, 146 N. Y. 181, 189–190; *Fox* v. *Chicago, St. P. & K. C. Ry. Co.*, 86 Iowa, 368, 373; *Haluptzok* v. *Great Northern Ry. Co.*, 55 Minn. 446, 450; *Maxson* v. *Case Threshing Machine Co.*, 81 Neb. 546, 550; *Aga* v. *Harbach*, 127 Iowa, 144. The train upon arrival at Commiskey drew in upon a sidetrack where the cutter was unloaded and the train then proceeded on its way. It was while assisting in this work that Burtch sustained the injury sued for. It is too plain to require discussion that the loading or unloading of an interstate shipment by the employees of a carrier is so closely related to interstate transportation as to be practically a part of it, and it follows that the facts fully satisfy the test laid down in the *Shanks Case*, *supra*.

It appears that Burtch was interested in the cutter as part owner and it is contended that in complying with the request of the conductor he assumed all responsibility because, in doing so, he simply discharged a duty imposed by a rule filed with the Interstate Commerce Commission, requiring owners of heavy freight, under stated circumstances, to unload it. The evidence, however, not only tends to show that conditions requiring compliance with the rule were absent, but the point is immaterial in view of the finding of the jury to the effect that Burtch assisted in the work not as owner but in the capacity of an employee. Observance of the rule in question is required only to prevent discrimination among shippers. It has nothing to do with the interrelations of the carrier and its employees.

Moreover, the failure to enforce the rule, if such there was, constituted no part of the causal sequence of events. Such failure would be merely an attendant circumstance, neither causing nor contributing to cause the injury, which, on the contrary, came about as the result of physi-

cal facts and conditions wholly apart therefrom. If, there- fore, a violation of the rule be assumed it would not avail to relieve the company from a liability which would otherwise exist. See *Moran* v. *Dickinson,* 204 Mass. 559, 562; *Newcomb* v. *Boston Protective Department,* 146 Mass. 596; *Currelli* v. *Jackson,* 77 Conn. 115, 122.

Upon the facts now disclosed by the record the case is one arising under and governed by the Federal Employ- ers' Liability Act and in that view it should have been submitted to the jury. The judgment of the State Supreme Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*