**DE LOACH et al. v. CROWLEY'S, Inc.**

No. 10210.

Circuit Court of Appeals, Fifth Circuit.

May 25, 1942.

E. P. Ellis, of Miami, Fla., for appellants.

Erskine W. Landis and John L. Graham, both of DeLand, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The plaintiffs-appellants sued their employer Crowley's, Inc., under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., for wages and overtime accruing after Oct. 24, 1938. A motion to dismiss set up that the petition did not show that plaintiffs were employed in commerce or in the production of goods for commerce; and if that were shown, it appears that plaintiffs were excepted from the wage and overtime provisions by Section 13(b) of the Act. This motion was sustained, the petition dismissed, and appeal taken.

Summarized, the petition alleges that the defendant employer carried on during the period in question in Miami, Florida, a business in which it purchased milk and milk products from other States, and sold and delivered them at wholesale to retail dairies, both within and without Dade County, Florida. Most of these goods it purchased in New York from Crowley's Dairy Products in permanent five and ten gallon containers, intended to go unbroken to the consumers, and Crowley's Dairy Products delivered them by trucks to the defendant in Miami; and there the containers were transferred to trucks of defendant as quickly as possible and delivered to the defendant's customers. Some were specially ordered for particular customers whose names were placed on the containers. The defendant was incorporated November 15, 1938, and is a corporate subsidiary or affiliate of Crowley's Dairy Products, and the business at Miami was previously carried on at the same address under the name of Crowley's Dairy Products, and the ownership, stockholders, officers, management and direction of the defendant are the same as those of Crowley's Dairy Products of Binghamton, New York, and the business now done at Miami is in fact that of an agency, branch, subsidiary or affiliate of the parent corporation in New York, and is operated for the purpose of distributing milk and milk products produced in New York and transported and sold in interstate commerce. The plaintiffs allege that they were employed in interstate commerce, in that they unloaded the shipped products from the trucks of Crowley's Dairy Products, as they arrived from New York in Miami, and reloaded them on to the trucks of defendants, and drove the latter in making delivery to defendant's customers. The details about the wages paid and the hours worked need not be stated. They showed violation of the Act if plaintiffs are covered by it.

The allegations are not simple and direct as intended by the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and not so clear as would be desirable. We understand the contention sought to be presented is that the defendant corporation, Crowley's, Inc., was created immediately after the Fair Labor Standards Act went into effect, by Crowley's Dairy Products, to continue the delivery business in and around Miami which the latter Company had previously done in consummating sales of its products shipped from New York; that Crowley's, Inc., has the same officers, stockholders and management as the parent corporation and is really its agent in making deliveries. It is not, however, alleged that Crowley's, Inc., was formed for the purpose of evading the Act. If it be a mere distributing agency of Crowley's Dairy Products, its customers are the customers of its principal, and so is its business of local distribution. Transmission of the goods from New York to the customers would not be broken by their receipt and handling by the distributing agency. Binderup v. Pathe Exchange, 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308. If, on the other hand, Crowley's, Inc., is found to be a separate corporation doing its own busi-

ness, it might still be true that the interstate transportation of those shipments intended for particular customers would not be broken by a change of title or a change of vehicle en route. Federal Trade Comm. v. Pacific States Ass'n, 273 U.S. 52, 63, 64, 47 S.Ct. 255, 71 L.Ed. 534. So also the unloading of the New York trucks at Miami is a necessary part of the interstate transportation which they are doing, and the persons who unload them are engaged to that extent in interstate commerce. Baltimore & O. S. W. R. R. v. Burtch, 263 U.S. 540, 541, 44 S.Ct. 165, 68 L.Ed. 433; Puget Sound Stevedoring Co. v. Tax Commission, 302 U.S. 90, 58 S.Ct. 72, 82 L.Ed. 68. Whether plaintiffs were employed to a substantial extent in commerce under the Act is a question deserving trial.

Section 13(b) excepts from the overtime provisions of Section 7 an employee whose hours of service are regulable by the Interstate Commerce Commission under the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq. It cannot be certainly told from the petition whether the plaintiffs as truck drivers come under this exception; and if they do, it seems that the exception applies only to the matter of overtime.

Under the Rules of Civil Procedure a case consists not in the pleadings, but the evidence, for which the pleadings furnish the basis. Cases are generally to be tried on the proofs rather than the pleadings. Demurrers are abolished. A petition may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim. But the principle is no longer of force that pleadings will be construed strictly against the pleader. Rule 8(f) says that "all pleadings shall be so construed as to do substantial justice." Just what this means is not clear, but it excludes requiring technical exactness, or the making of refined inferences against the pleader, and requires an effort fairly to understand what he attempts to set forth. Expensive trials of meritless claims are sought to be avoided in the main by pretrial and summary judgment procedures. We think this petition ought not to have been dismissed on motion.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

HOLMES, Circuit Judge (specially concurring).

I concur in the result but not in all the language in the opinion. I think the statement, that cases are generally to be tried on the proofs rather than the pleadings, is unnecessary and apt to be misleading. It is true that demurrers are abolished, but there is nothing in the Federal Rules of Civil Procedure to keep issues of law from being presented by the pleadings. The motion to dismiss may serve the same purpose as a demurrer formerly did.

I think the following statement in the opinion is also pure dictum: "Expensive trials of meritless claims are sought to be avoided in the main by pretrial and summary judgment procedures." There was no motion for summary judgment in this case, and there is nothing in the record to indicate that a summary judgment would be proper. Then why suggest it?