Matthew M. CHAPMAN

v.

TELEX, Inc.

Civ. A. No. 4953.

United States District Court,
N. D. Georgia, Atlanta Division.

Nov. 15, 1954.

Willingham, Gortatowsky & Morrison, Atlanta, Ga., for plaintiff.

J. Hugh Rogers, Atlanta, Ga., for defendant.

SLOAN, District Judge.

Plaintiff, a citizen of Fulton County, Georgia, brings this complaint alleging that the defendant, a Minnesota corporation, maintains an office and does business in Atlanta, Fulton County, Georgia, and that the amount in controversy, exclusive of interest and costs, exceeds $3,000.

The complaint alleges that D. J. Scott and D. J. Bard, defendant's agents, fraudulently and with intent to deceive plaintiff, made to plaintiff false representations and thus induced plaintiff to enter into certain contracts, purchasing certain radios from defendant and becoming an operator of hospital radios, causing loss to plaintiff. Plaintiff prays that the sales of the radios to plaintiff be rescinded and that after crediting the net amount received by plaintiff from the operation of the radios that plaintiff recover of defendant the sum of $12,280.35.

In its answer the defendant presents as its:

"First Defense:

"That the complaint fails to state a claim against defendant upon which relief can be granted.

"Second Defense:

"The complaint fails to state a claim against defendant because the rescission of the contract which forms the basis of relief shows that plaintiff, by unreasonable delay in offering to rescind the contract, has waived the right to rescission.

"Third Defense:

"That defendant, a Minnesota corporation, was not doing business in Georgia at the time of the alleged grievance sued upon and has not done business in Georgia, other than through an independent contractor, since the date complained of, and

that the defendant has the right to be sued only in the courts of Minnesota, and that this Court is therefore without jurisdiction.

"Fourth Defense:

"Defendant denies all allegations of the complaint except the first and third paragraphs. Paragraph one alleges the residence of the plaintiff; that defendant is a Minnesota corporation and that the amount in controversy exceeds $3,000.00. The third paragraph alleges that D. J. Scott and D. J. Bard published the described advertisement in the Sunday Edition of the Atlanta Constitution-Journal on June 21, 1953."

The prayer of the answer is for dismissal of the complaint.

The defendant has filed affidavits in support of its motion, while the plaintiff has filed depositions and opposing affidavits. Both plaintiff and defendant have treated the pleading as a motion to dismiss—to quash the service, and have filed briefs and written arguments and under the Rule of this Court the motion is now before the Court for determination.

■ The first two grounds (defenses) of the motion (1) insufficiency of statement and (2) waiver of right to rescission by unreasonable delay in offering to rescind, would probably not require a dismissal of the complaint. A complaint should not be dismissed for insufficiency of statement except where it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.[1]

■ It is true that a plaintiff in order to rescind a contract for fraud must promptly upon discovery of the fraud restore or offer to restore whatever of value he has received under the contract.[2]

The plaintiff contends that all but one of the fraudulent representations alleged

pertained to matters that he could not readily determine to be false, and that it was not until March 26, 1954 that he learned that defendant claimed that Mr. Bard and Mr. Scott were only employees of a distributor. Plaintiff alleges that promptly upon ascertaining that defendant's representations were false, plaintiff, on June 7, 1954 notified defendant of his intention to rescind.

■ The word "promptly" as used in Section 20–906 of the Georgia Code, means within a reasonable time. The party aggrieved must act with the promptitude which the nature of the case and the circumstances require. Whether one has acted with the reasonable diligence required must depend upon the facts of each particular case.

■ The doctrine (of laches) can not be invoked to defeat justice and it will be applied only where the enforcement of the right asserted would work injustice.[3] However, since the third ground (defense) of the motion presents the controlling question here it will not be necessary for the Court to pass upon the first two grounds of the motion.

The controlling question presented by the third ground (defense) of the motion is: Did the defendant corporation at the time of the service here have an agent and "place of transacting the usual and ordinary business of such corporation in Fulton County, Georgia," and was George C. Kint its agent upon whom process could be served so as to give this Court jurisdiction over the defendant?

It appears without substantial dispute that:

George C. Kint had been since 1943 in the hearing aid business handling various makes of hearing aids, and prior to and on May 28, 1951 maintained a place of business at 324 Mortgage-Guaranty Building, Atlanta, Georgia, and on that date he entered into a written contract with the defendant whereby he became a

---

1. De Loach v. Crowley's, Inc., 5 Cir., 128 F.2d 378, 380.

2. Ga.Code, § 20–906.

3. Equitable Bldg. & Loan Association v. Brady, 171 Ga. 576, 584, 156 S.E. 222.

distributor for the defendant. Prior to that date, and thereafter, Kint handled some other makes of hearing aids other than Telex, but in very small quantities.

Kint bought merchandise from defendant for resale and also carried on hand a stock of merchandise consigned to him by the defendant. About 60% of his entire stock was merchandise belonging to defendant but consigned to him. All sales were made in Kint's name and he made monthly inventory reports to defendant. The contract provided that title to the hearing aids furnished Kint on consignment would remain in defendant and the proceeds of the sale of any of the same would be held in trust for the benefit of the defendant until fully accounted for.

It appears that Kint's agency is an independent one so far as control is concerned and defendant has no right of direction or control with reference thereto except the right to cancel the franchise contract. The Kints pay the rent and all expenses of the operation of the agency, the defendant pays none.

■ Whether or not the corporate defendant was doing business in Georgia is governed primarily by Georgia law.[4]

Service in this case was had by "leaving copy with George Kint personally at 324 Mortgage Guarantee (sic) Bldg, Atlanta, Ga."

The Georgia law, upon which plaintiff relies, provides:

"Service of all writs, attachments, and other process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return." Ga.Code, § 22–1101.

The jurisdiction of this Court depends upon the validity of the service in this case.

"Where a foreign corporation ships goods to a person within this state on consignment, for sale in his own name, the latter is not the representative nor agent of the foreign corporation; nor is his place of business, which he rents and where he pays all the expenses, and sells such goods in his own name, the place of business of the foreign corporation. Such transaction does not constitute 'doing business' within the state by the foreign corporation."[5]

■ Under the facts in this case, George Kint was not at the time of the service of the complaint in this case the agent of the defendant, nor was his place of business the place of business of the defendant, nor did the transaction here involved constitute "doing business" in this State.

The third defense, considered here as a motion for an order quashing service of process, is hereby sustained and the complaint dismissed at plaintiff's costs.

4. Smith v. Ford Gum & Machine Co., 5 Cir., 212 F.2d 581.

5. City of Atlanta v. York Mfg. Co., 155 Ga. 33(3), 116 S.E. 195; see also, Burkhalter v. Ford Motor Co., 29 Ga.App. 592, 116 S.E. 333.