**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

MAIN STREET COURT, LLC and )
GLEN SCHMALHOFFER, )
                                                )
    Defendants-Below/Appellants, )
                                                )
              v. )         C.A. No. CPU4-14-000003
                                                )
RYAN KIERNAN and )
ZACHARY SALINAS )
                                                )
    Plaintiffs-Below/Appellees. )
                                                )

Michael P. Morton, Esq.
Michael P. Morton, P.A.
3704 Kennett Pike, Ste. 200
Greenville, DE 19807
*Attorney for Appellants*

Thomas A. Stevens
DuPont Legal
CRP 721/2138
974 Centre Road
Wilmington, DE 19805-1269
*Attorney for Appellees*

**MEMORANDUM OPINION AND**
**ORDER ON APPELLANTS' MOTION TO DISMISS**

This matter is before the Court on Main Street Court, LLC and Glen Schmalhoffer's ("Schmalhoffer") (collectively, "Appellants") Motion to Dismiss the Complaint of Ryan Kiernan and Zachary Salinas (collectively, "Appellees"). On May 8, 2015, the Court held a hearing on the motion and reserved its decision. On May 20, 2015, Appellants submitted a memorandum in response to arguments made by Appellees' counsel at the motion hearing. Appellees submitted a reply memorandum on May 21, 2015. This constitutes the Court's final decision and Order on Appellants' Motion to Dismiss.

## PROCEDURAL HISTORY

This is a landlord-tenant action that originated in the Justice of the Peace Court. On September 3, 2013, Appellees, who were the Plaintiffs below, filed a complaint in the Justice of the Peace Court against Appellants (the "Complaint Below"). In the Complaint Below, Appellees alleged that they signed a rental agreement (the "Lease") with Appellants and that Appellants failed to return the entire balance of their $1,950.00 security deposit. Appellees claimed that while Appellants attempted to return a portion of the security deposit by mailing a check to Appellants in the amount of $1,066.14, there were two issues with the check. First, Appellees disputed the amount, and claimed that they were entitled to receive the full security deposit, without any withholdings by Appellants. Second, Appellees claimed that they never actually received the funds because there were insufficient funds available in the account on which the check was drawn. As a result, the bank refused to honor the check. Thus, Appellees contended that Appellants "wrongfully withheld" Appellees' security deposit, and sought $2,000.00 in damages, representing the $1,950.00 security deposit and a $50.00 "returned check fee."

On December 11, 2013, the Justice of the Peace Court held trial. On December 16, 2014, the court issued an Order that dismissed Glen Schmalhoffer as a party to the case, and ruled in Appellees' favor. The court awarded judgment for Appellees in the amount of $1,950.00 plus $35.00 in court costs, $50.10 in prejudgment interest, and post-judgment interest at the rate of 5.7% per annum.

On December 31, 2013, Appellants filed a Notice of Appeal in this Court. On January 13, 2014, Appellants perfected the appeal. On October 24, 2014, Appellees filed the Complaint

2

on Appeal ("Complaint on Appeal").[1]  In the Complaint on Appeal, Appellees allege that Appellants breached the Lease by failing to return the security deposit.  In support of their claim, Appellees contend that by failing to return the security deposit, Appellants violated 25 *Del. C.* § 5514(f), and that Appellees are consequently entitled to double the security deposit under 25 *Del. C.* § 5514(e).  Appellees also contend that the check that Appellants sent to Appellees "made deductions knowingly for the illegal, unenforceable charges pursuant to Paragraphs 13, 18, 19, and 24 of the Lease."  Moreover, Appellees allege that those listed provisions in the Lease violated 25 *Del. C.* § 5301, and that as a result of this violation, Appellees are entitled to damages in the amount of three months of rent for "each attempted enforcement of an illegal and unenforceable provision of the Lease."  On appeal, Appellees seek $3,900.00 for Appellants' alleged failure to return the security deposit, pursuant to § 5514(e), and $6,000.00 for Appellants' alleged violation of § 5301, totaling $9,900.00 in requested relief.

## PARTIES' CONTENTIONS

Appellants assert two grounds in support of their Motion to Dismiss.[2]  First, Appellants contend that this matter should be dismissed as to Schmalhoffer, because he is not a party to the Lease and was not Appellees' landlord.  Second, Appellants contend that the Complaint on Appeal violates the mirror image rule because (1) the relief that Appellees seek on appeal is a higher amount than that sought in the Justice of the Peace Court, and (2) Appellees raise additional issues on appeal that were not raised below.  Specifically, Appellants argue that in the Complaint Below, Appellees failed to raise any issue or seek any remedy other than the return of

---

[1] The Court sent Appellants a 41E Notice on September 2, 2014 after the appeal had been stagnant for approximately nine months.  Appellants responded to the notice by filing a letter with the Court, indicating that they wished to proceed with the appeal.

[2] Originally, Appellants asserted three grounds in support of their Motion.  At the May 8, 2015 hearing, however, Appellants indicated that they were no longer pursuing their claim that Appellees failed to name indispensable parties.  Accordingly, the Court will not address that argument in its analysis.

their security deposit. Thus, Appellants contend that this Court lacks subject matter jurisdiction due to the alleged violation of the mirror image rule.

Not surprisingly, Appellees assert that the action should not be dismissed. First, Appellees argue that they have presented a proper claim against Schmalhoffer because he is the "Managing Partner" and owner of Main Street Court, LLC, and he had personally participated in the control and operations of the Property. Appellees also argue that Schmalhoffer is liable for his own tortious acts as alleged in the Complaint on Appeal. Second, Appellees contend that the issues raised in the Complaint on Appeal are the same issues raised in the Complaint Below, but are stated with more legal clarity and specificity. Appellees assert that the claims on appeal do not alter or expand the original issues, and argue that increased damages alone do not violate the mirror image rule. Appellees also assert that Appellants have not been prejudiced by Appellees' citation to and reliance on the Landlord-Tenant Code because Appellants were made aware of Appellees' arguments through the bill of particulars that Appellees submitted in the Justice of the Peace Court. In sum, Appellees argue that this matter should not be dismissed because the Complaint on Appeal does not violate the mirror image rule nor does it improperly include allegations against Schmalhoffer.

## DISCUSSION

### A. Schmalhoffer is a Proper Party in this Matter

The Court will first address whether Schmalhoffer, as a member and manager of Main Street Court, LLC, can be held personally liable as a landlord under the Landlord-Tenant Code. Section 5141(15) of Title 25 of the Delaware Code provides the definition for a landlord as it applies to the Landlord-Tenant Code, and provides the following:

> Landlord" shall mean: (a) The owner, lessor or sublessor of the
> rental unit or the property of which it is a part and, in addition,

4

shall mean **any person authorized to exercise any aspect of the management of the premises**, including any person who, directly or indirectly, receives rents or any part thereof other than as a *bona fide* purchaser and who has no obligation to deliver the whole of such receipts to another person; or (b) **Any person held out by any landlord as the appropriate party to accept performance, whether such person is a landlord or not**; or (c) Any person with whom the tenant normally deals as a landlord; or (d) Any person to whom the person specified in paragraphs (15)b. and c. of this section is directly or ultimately responsible.[3]

When interpreting a statute, the Court must first determine whether the statute is ambiguous.[4] A statute is ambiguous if it is susceptible to two or more reasonable interpretations.[5] If a statute is unambiguous, then "there is no reasonable doubt as to the meaning of the words used,"[6] and the "plain meaning of the statutory language controls."[7]

The Court finds that § 5141(15) of Title 25 of the Delaware Code is unambiguous. As referenced above, § 5141(15)(a) includes in the definition of landlord, "any person authorized to exercise any aspect of the management of the premises." Although Main Street Court, LLC was a party to the Lease, and is an undisputed landlord under Title 25, based on testimony at oral argument, it appears that Schmalhoffer was the main person to manage and maintain the Property on behalf of Main Street Court, LLC. Therefore, under § 5141(15(a), Schmalhoffer would be deemed a landlord and can potentially be found liable as a landlord for being a person authorized to manage the Property. Moreover, pursuant to § 5141(15)(b), "[a]ny person held out by any landlord as the appropriate party to accept performance, whether such person is a landlord or not" can be held liable as a landlord under Title 25 of the Delaware Code. Based on the

---

[3] 25 *Del. C.* § 5141(15) (emphasis added).
[4] *Taylor v. Diamond State Port Corp.*, 14 A.3d 536, 538 (Del. 2011).
[5] *CML V, LLC v. Bax*, 28 A.3d 1037, 1041 (Del.2011) (citing *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 933 (Del.2007)).
[6] *Dep't of Labor ex rel. Chasanov v. Brady*, 2010 WL 8706963, at *2.
[7] *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336, 343 (Del. 2012) (quoting *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999).

testimony at oral argument, Schmalhoffer acted as and was held out as the appropriate person to accept performance and indeed served as the main contact person for Appellees. Thus, even if Schmalhoffer would not otherwise be considered a landlord, § 5141(15)(b) provides that he can be held liable as a landlord because Main Street Court, LLC held him out to be an appropriate party to accept performance. Therefore, Schmalhoffer is a proper party in this action, and may be personally liable as a landlord under Title 25 of the Delaware Code.

## B. Appellees Have Not Violated the Mirror Image Rule

The Court will next address Appellants' argument regarding the mirror image rule. This Court's jurisdiction over appeals from the Justice of the Peace Court is governed by 10 *Del. C.* § 9571. Pursuant to § 9571(d), "the Court of Common Pleas shall establish appeal procedures . . . by rule." *Court of Common Pleas Civil Rule* 72.3 establishes the procedure in this Court for filing an appeal *de novo*. Pursuant to *CCP Civ. R.* 72.3(b), when the appellee is the plaintiff from the proceeding below, he is obligated to file the complaint on appeal within twenty (20) days after service of the process on appeal.

When filing the complaint on appeal, the appellee must comply with *CCP Civ. R.* 72.3(f), which codifies the common law "mirror image rule," and provides that "[a]n appeal to this court that fails to join the identical parties and raise the same issues that were before the court below shall result in a dismissal on jurisdictional grounds."[8] Prior to enactment of *CCP Civ. R.* 72.3(f), the Delaware Supreme Court set forth the policy rationale for the mirror image rule in *Fosset v. Dalco Construction* and stated the following:

> The rule provides for an adequate and fair hearing of the *entire* matter *de novo* by affording all parties to the Justice of the Peace proceeding an opportunity to argue their version of the facts, to present their view of the law's application to those facts, and to

---

[8] Ct. Com. Pl. Civ. R. 72.3(f).

assure the *de novo* reviewing court that all relevant issues that could be presented can be heard.[9]

This Court has also recognized that for a party to include issues within the complaint on appeal that were not raised below would be "inconsistent with both the spirit and intent of the rule."[10] The Court has found that that the mirror image rule "[is] satisfied if the complaint on appeal presents no parties or issues other than those presented by the original complaint below."[11]

With respect to raising identical issues, Delaware courts have provided that "when the complaint on appeal sets forth more specifically the causes of action that were raised below but does not alter the subject matter of the case below, there is no mirror image violation."[12] Moreover, "inflated damages alone do not violate the mirror image rule."[13] "Generally, so long as the requested remedy does not change the nature of the claim asserted below, there is no mirror image violation."[14] Further, courts have found that the complaint on appeal cannot "expand the issues raised in the original complaint," however, it may "state the original issues with more legal clarity and specificity."[15]

Although a violation of the mirror image rule will divest this Court of jurisdiction,[16] it has been stated that "almost no rule is absolute, and the paramount requirement is to see that justice is done."[17] "Absent good reason, such as actual or potential prejudice as a result of

---

[9] *Fossett v. Dalco Const. Co.*, 858 A.2d 960 (TABLE), at *1 (Del. 2004).

[10] *Levy's Loan Office v. Folks*, 2009 WL 1856642, at *2 (Del. Com. Pl. June 26, 2009).

[11] *Silverview Farm, Inc. v. Laushey*, 2006 WL 1112911, at *4 (Del. Com. Pl. April 26, 2009).

[12] *Pavetto v. Hansen*, 2004 WL 2419164, at *2 (Del. Super. Sept. 29, 2004) (citing *Crosse v, Cohen*, 2000 WL 33653441, at *2 (Del. Com. Pl. Aug. 8, 2000).

[13] *Jones v. Hertz Corp.*, 2014 WL 3401606, at *5 (Del. Super. 2014). *See also Spaulding v. Byrne*, 2008 WL 4838691, at *2 (Del. Com. Pl. Nov. 7, 2008); *Rezak v. S & L Contractors, Inc.*, 2007 WL 549905, at *1 (Del. Com. Pl. Feb. 9, 2007).

[14] *Silverview Farm*, 2006 WL 1112911, at *6.

[15] *Ham v. Southgate Realty Ass'n*, 2009 WL 2778430, at *3 (Del. Com. Pl. May 26, 2009) (citing *Id.* at *5).

[16] *Tiger Roofing, Inc. v. Schwamman*, 2011 WL 6947609 at * 2 (Del. Com. Pl. Dec. 13, 2011).

[17] *Morgan v. Swain*, 2009 WL 3309173, at *4 (Del. Super. Sept. 17, 2009) (*citing* Civ. R. Ct. Com. P. 1, which provides in part as follows: "These Rules .... shall be construed and administered to secure the just, speedy and inexpensive determination of every proceeding.").

7

noncompliance, the rule should not be applied to preclude a court from possessing subject matter jurisdiction."[18]

In comparing Appellees' Complaint on Appeal with the Complaint Below, the Court finds that the Complaint on Appeal presents the original issues with more legal clarity. In the Complaint Below, Appellees claimed that Appellants "wrongfully withheld" Appellees' security deposit. In support of this claim, Appellees alleged that Appellants issued a check for only a portion of the full security deposit, along with an itemized list of alleged damages to the premises and the estimated costs of the repairs. Appellees stated "[w]e did not agree with [the] damages charges but were not able to get in touch with landlord to discuss termination of the rental agreement." In addition, Appellants claimed that they were unable to cash the check that Appellants issued because it was dishonored by the bank for insufficient funds. After not being able to cash the check, Appellants claimed that they sent a certified letter "to the landlord on August 5, 2013, requesting the security deposit . . . We never received a response." Thus, Appellants sought $2,000.00 in damages in the Complaint Below, representing the $1,950.00 security deposit and a $50.00 "returned check fee."

In the Complaint on Appeal, Appellees presented the original claims from the Complaint Below, however, Appellees specifically refer to statutes in the Landlord-Tenant Code to support their claims. First, Appellees reference 25 *Del. C.* § 5514, and contend that "Appellants can only make deductions from a security deposit as such deductions are authorized under the Code § 5514."[19] Specifically, Appellees contend that Appellants' failure to return the security deposit violates § 5514(e), which imposes a duty on the landlord to return all or a portion of the security

---

[18] *Pavetto*, 2004 WL 2419164, at *2.
[19] Compl. at ¶ 7.

8

deposit.[20] Appellees also claim that Appellants violated § 5514(f), which imposes a duty on the landlord to provide an itemized list of damages to the premises, and "tender payment for the difference between the security deposit and such costs of repair of damage to the premises."[21] Appellees' reference to the Landlord-Tenant Code, specifically §§ 5514, 5104 and 5312, in and of itself, does not violate the mirror image rule; instead, Appellees are merely stating their original claim – with legal clarity and specificity – that Appellants failed to return their security deposit and improperly withheld portions of the deposit.[22]

Appellees also contend in the Complaint on Appeal that Appellants violated § 5514(f) by failing to act in good faith, pursuant to § 5104,[23] and by improperly including a water bill in the itemized list of damages, pursuant to § 5312.[24] Again, this reference to §§ 5104 and 5312 does not violate the mirror image rule. In the Complaint Below, Appellees claim that Appellants "wrongfully withheld" their security deposit, which implicates § 5104. Appellees also claim that they "did not agree with the damages charges," and their reference to § 5312 fleshes out that vague assertion by providing the basis why they disagree with Appellants' deductions. Thus, as with Appellees' reference to § 5514(e) and (f), Appellees' reference to §§ 5104 and 5312, in and of itself, does not violate the mirror image rule, because they are merely stating their claims with specificity and legal clarity.

---

[20] Section 5514(e) of Title 25 of the Delaware Code provides that, "If the landlord is not entitled to all or any portion of the security deposit, the landlord shall remit the security deposit within 20 days of the expiration or termination of the rental agreement."

[21] 25 *Del. C.* § 5514(f).

[22] Contrary to Appellants' argument, Appellees have not alleged that Appellants have violated § 5514(f) by failing to provide an itemized list of itemized damages. Appellees refer to § 5514(f) in paragraphs 8 and 9 of the Complaint on Appeal, and while those sections may not read as smoothly as some of the other sections of the Complaint on Appeal, the underlying substance of paragraphs 8 and 9 is clear: Appellees have alleged that, because Appellants' check was returned for insufficient funds, and because Appellants "did not otherwise make any payment to [Appellees]," Appellants failed to satisfy their obligation in remitting payment under § 5514(f).

[23] Section 5104 of Title 25 of the Delaware Code provides that, "Every duty under this Code, and every act which must be performed as a condition precedent to the exercise of a right or remedy under this Code, imposes an obligation of good faith in its performance or enforcement."

[24] Section 5312 of Title 25 of the Delaware Code outlines how landlords can meter utilities, and charge for utilities.

9

In the Complaint on Appeal, Appellees also reference § 5514(g), and claim that because of Appellants' alleged violation of § 5514(e) and (f), Appellees are entitled to double the security deposit. Section 5514(g) outlines the penalties for a landlord's failure to remit a tenant's security deposit, and provides that such a failure "entitle[s] the tenant to double the amount wrongfully withheld."[25] Even though Appellees now seek an increased amount of damages, there is no mirror image violation because the subject matter and nature of the claim below remains unchanged.

Finally, in the Complaint on Appeal, Appellees contend that a number of provisions within the Lease violated 25 *Del. C.* § 5301. Specifically, Appellees claim that Appellants violated § 5301(a), alleging that Appellants wrongfully required Appellees to use their security deposit to secure "other charges that may be due and owing" under ¶¶ 13, 18, 19, 24, and 27 of the Lease. Section 5301(a) provides the following:

> A rental agreement shall not provide that a tenant: (1) [a]grees to waive or forego rights or remedies under this Code; (2) Authorizes any person to confess judgment on a claim arising out of the rental agreement; (3) Agrees to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or the costs connected therewith.

Appellees maintain that the above-referenced provisions of the Lease wrongfully required Appellees to agree and waive rights with respect to their security deposit. Similar to the Court's analysis with respect to the reference to §§ 5104 and 5312, the Court finds that Appellees' reference to § 5301(a) fleshes out their vague claims in the Complaint Below because it provides specificity to Appellees claim that Appellants wrongfully withheld their security deposit. Further, in the Complaint on Appeal, Appellees contend that as a result of this alleged violation of § 5301(a), they are entitled to damages in the amount of three months of rent for "each

---

[25] 25 *Del. C.* § 5514(g).

attempted enforcement of an illegal and unenforceable provision of the Lease," pursuant to § 5301(b).[26] As previously stated, there is no mirror image violation merely because Appellees seek an increased amount of damages for the same claims. Thus, Appellees have not violated the mirror image rule by referencing § 5301 in their Complaint on Appeal. In sum, the Complaint on Appeal fleshes out, with more specificity, the issues presented by the Complaint Below which all stem from the Appellants' alleged improper deductions of portions of the security deposit, and their alleged failure to refund the Appellees' full security deposit.

This case highlights the complexities of the mirror image rule, particularly the difficulties that arise in comparing a complaint on appeal with a complaint filed in the Justice of the Peace Court. Unfortunately, because this Court is usually without a fulsome record on appeal from the Justice of the Peace Court, it is typically forced to mine the record below to determine whether litigants have complied with the mirror image rule. The Justice of the Peace Court is not a formal court of record, thus, the transcript of its proceedings typically consists of nothing more than a pre-printed complaint and an answer, which are usually filled out by *pro se* litigants, as well as an order disposing of the case, usually with little or no analysis of the claims addressed at trial.[27] The pre-printed forms provide limited space for litigants to fully explain their claims, and often, a complaint filed in the Justice of the Peace Court will only convey the minimum underpinnings of a legal cause of action. For example, it is not uncommon that a complaint filed in the Justice of the Peace Court alleges nothing more than "We had an agreement. Defendant broke the agreement, and now he owes me money." As a result, when the complaint below lacks

---

[26] Section 5301(b) of Title 25 of the Delaware Code provides that, "A provision prohibited by subsection (a) of this section which is included in the rental agreement is unenforceable. If a landlord attempts to enforce provisions of a rental agreement known by the landlord to be prohibited by subsection (a) of this section the tenant may bring an action to recover an amount equal to 3 months rent, together with costs of suit but excluding attorneys' fees."
[27] *Silverview Farm*, 2006 WL 1112911, at *3.

11

specific details, it is difficult for the appellate court to determine the precise claims raised and addressed at trial.

At times, plaintiffs will state their claims with more specificity in the bill of particulars.[28] The bill of particulars serves to aid the defendant by expounding upon the claims that plaintiff intends to pursue at trial. This is useful because the defendant often cannot ascertain the precise claim being brought by the plaintiff solely from the complaint. However, because the bill of particulars is technically a discovery instrument, and not typically part of the transcript below, the court on appeal is usually without its benefit in determining the issues raised below.

In this case, the Court is not left to speculate. Appellees' bill of particulars, and the Complaint on Appeal contain the same substantive allegations, including Appellants references to the Landlord Tenant Code. Therefore, from the inception of the Justice of the Peace Court litigation, Appellants were fully aware of the issues at play in the case, and thus, cannot credibly argue that the issues raised in the Complaint on Appeal do not mirror those raised below.

It should be noted that the plain language *CCP Civ. R.* 72.3(f) does not contain any language that strictly limits the Court to only consider the pleadings when analyzing a mirror image rule claim. As stated above, *CCP Civ. R.* 72.3(f) codifies the mirror image rule and provides that "[a]n appeal to this court that fails to join the identical parties and raise the same issues that were *before the court below* shall result in a dismissal on jurisdictional grounds."[29]

Historically, this Court has determined whether a party has complied with the mirror image rule and Rule 72.3(f) by comparing the complaint in the court below with the complaint on appeal.[30] Typically, when faced with a mirror image rule challenge, the Court has limited its

---

[28] *Justice of the Peace Court Civ. R.* 26 governs bill of particulars and provides that the bill of particulars "shall state with particularity the basis for the plaintiff's suit and the manner in which the sum demanded was determined."
[29] Ct. Com. Pl. Civ. R. 72.3(f) (emphasis added).
[30] *See Silverview Farm*, 2006 WL 1112911, at *2; *Crosse*, 2000 WL 33653441, at *2.

review to the complaint filed in the court below.[31] However, as previously discussed, the nature of the complaint filed in the Justice of the Peace Court often leaves the appellate court without a clear and complete picture of the issues that were raised in the court below. Thus, the determination of issues that were *before the court below* should take into account more than simply the complaint below. For example, "[t]he federal rules recognize that pleadings are not an end in themselves.....'Under the Rules . . . a case consists not in the pleadings, but the evidence, for which the pleadings furnish the cases. Cases are generally to be tried on the proofs rather than the pleadings.'"[32] Moreover, "[t]he rules reflect a realization that the supposed effectiveness of pleadings in narrowing and defining the issues—a conception that characterized the common law and code procedural systems—is largely a myth, this function being more effectively performed by discovery, summary judgment, and pretrial conferences."[33] In light of this, when faced with a motion to dismiss for failure to comply with the mirror image rule, the Court should be able to consider more than the complaint below so that it may determine whether the issues on appeal are the same issues that were *before the court below*.

Notwithstanding this Judge's view that the issues *before the court below* should be determined from more than the complaint below, Appellees in this case satisfy the mirror image rule when comparing their two complaints. Even relying solely on Appellees' Complaint Below, the issues raised on appeal mirror those raised below and merely provide more legal clarity and specificity.

---

[31] *Ceccotti v. Leight*, 2007 WL 707552, at *1 (Ct. Com. Pl. Feb. 23, 2007).
[32] 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1182 (3d ed. 1990) (quoting *De Loach v. Crowley's Inc.*, 128 F.2d 378, 380 (C.A. 5th., 1942)).
[33] *Id.*

## CONCLUSION

For the foregoing reasons, Appellants' Motion to Dismiss is **DENIED**. The Court finds that Appellees' Complaint on Appeal does not violate the mirror image rule pursuant to *Court of Common Pleas Civil Rule* 72.3(f), and this Court has subject matter jurisdiction to hear this appeal. This matter should be set for trial.

**IT IS SO ORDERED this 2nd day of July, 2015.**

Sheldon K. Rennie,
Judge