[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13891

Non-Argument Calendar

_____

MARIE JEAN CHARLES,

Plaintiff-Appellant,

*versus*

GEO GROUP INC.,
BI INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-01364-WWB-EJK

_____

Before JORDAN, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Marie Jean Charles, a Black, Haitian woman, filed a lawsuit alleging discrimination and retaliation under Title VII following her termination as a case specialist for a government contractor. *See* 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). After the defendants answered, and discovery began, the district court *sua spone* dismissed the operative amended complaint as a shotgun pleading and ordered Jean Charles to replead. When Jean Charles did so, the defendants moved to dismiss, and the court granted that motion, dismissing the action with prejudice on shotgun-pleading grounds and for failure to state a claim. After careful review, we hold that the district court abused its discretion by invoking the shotgun-pleading doctrine, and we vacate and remand for further proceedings.

## I.

Jean Charles, represented by counsel, filed her initial complaint in August 2021 and an amended complaint in December 2021. According to the seven-page amended complaint, Jean Charles worked as a case specialist for a government contractor in Orlando, Florida, which administered a federal immigration program. Jean Charles received raises every year until 2011, when she "reached a cap." After she hit the cap, she received "lump sum payments every year but no raises and no promotions." She was the only Black, Haitian employee in her office, and the "only employee

in her group to reach a cap," which her employer failed to justify or explain.  In 2016, she was denied a promotion without explanation.  Then, after she filed a charge of discrimination raising these allegations with the Equal Employment Opportunity Commission ("EEOC"), she was fired despite being in good standing and having "no previous record of discipline."

The amended complaint asserted two claims for relief under Title VII.  First, under the heading, "National Origin-Based Discrimination (Disparate Impact)," she alleged that the defendants' "promotion and compensation policy had an adverse and disproportionate impact on [her] because of [her] national origin, Haitian."  Second, she asserted that the defendants "purposefully fired plaintiff knowing she had filed a complaint with the EEOC," which "was investigating."

The defendants, GEO Group, Inc., and B.I., Inc., answered both the complaint and the amended complaint and asserted defenses.  Soon after, the court entered a case management and scheduling order, and the case was referred to mediation while discovery went forward.

Nearly three months after entering its scheduling order, the district court, acting *sua sponte*, dismissed the amended complaint without prejudice as an impermissible "shotgun pleading."  Notwithstanding that the defendants had filed responsive pleadings, the court found that the amended complaint was deficient in that each of the two counts incorporated by reference "every allegation of the entire pleading," making it "virtually impossible to discern

which of the many facts alleged supports each claim." The court ordered Jean Charles to file a second amended complaint correcting the deficiencies noted.

Jean Charles filed a second amended complaint in early March 2022, making minor changes in an attempt to remedy the deficiency cited in the court's order. The pleading also added that she had been terminated "without progressive discipline," but the factual allegations and claims otherwise remained essentially unchanged.

In response, the defendants, instead of answering as they had previously done, filed a motion to dismiss. They argued that the second amended complaint failed to state a plausible claim of disparate-impact discrimination or retaliation, and that any failure-to-promote claim was time barred. The defendants then asserted that, even if Jean Charles stated a viable claim, the second amended complaint should still be dismissed as a "shotgun" pleading.

After Jean Charles responded, the district court granted the defendants' motion to dismiss. Despite succinctly describing Jean Charles's factual allegations and claims, the court proceeded to describe the second amended complaint as a shotgun pleading. The court suggested that the first count was deficient because it commingled "distinct transactions and occurrences," while the second count "purport[ed] to reincorporate paragraphs 1–3, but there are two sets of paragraphs numbered 1–3, one of which includes allegations of discrimination that would need to be separate from [Jean Charles's] retaliation claim." The court noted that the second

amended complaint "also makes allegations against Defendants collectively without identifying which Defendant was responsible for which acts or omissions."

Nonetheless, the district court then considered the merits of the claims and granted the motion to dismiss. In the court's view, the allegations failed to show that the defendants' "promotion and compensation" policy had a disparate impact, or that her May 2021 termination was causally related to her November 2020 EEOC charge. The court denied leave to amend and dismissed the action with prejudice. Jean Charles appeals.

## II.

We review a district court's decision to dismiss a complaint as an impermissible shotgun pleading for an abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement" of the plaintiff's claims, among other things. Fed. R. Civ. P. 8(a)(2). The short and plain statement of the claim "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (quotation marks omitted). "Pleadings must be construed so as to do justice[,]" Fed. R. Civ. P. 8(e), which "excludes requiring technical exactness, or the making of refined inferences against the pleader, and requires an

6                    Opinion of the Court                    22-13891

effort fairly to understand what he attempts to set forth." *DeLoach v. Crowley's, Inc.*, 128 F.2d 378, 380 (5th Cir. 1942).[1]

"Shotgun pleadings" are complaints that violate federal pleading rules by "fail[ing] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). We have "little tolerance for shotgun pleadings" because they "waste judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295 (cleaned up). While we have identified several pleading deficiencies indicative of a "shotgun pleading," the underlying issue is one of substance, not form—that is, whether the complaint gave the defendants fair "notice of the specific claims against them and the factual allegations that support those claims." *Weiland*, 792 F.3d at 1325.

Here, the district court abused its discretion by dismissing Jean Charles's first and second amended complaints as shotgun pleadings.[2] Despite the pleading deficiencies identified by the

---

[1] In *Bonner v. City of Pritchard*, we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[2] We disagree with the dissent that Jean Charles abandoned any challenge to the dismissal of the first amended complaint. In arguing that the district court erred in dismissing the second amended complaint as a shotgun pleading, Jean Charles maintains that she "put [the defendants] on notice of what the claims are," citing both the first amended complaint and the second amended

court, it is not "virtually impossible" to understand Jean Charles's claims or "which allegations of fact are intended to support which claim(s) for relief." *Id.* (quotation marks omitted). She believes her employer subjected her to discrimination and retaliation prohibited by Title VII. And both amended pleadings clearly identify the same two claims for relief and the factual grounds on which they were based: (1) national origin discrimination, under a disparate-impact theory, based on the defendants' "promotion and compensation" policy, which capped her pay in 2011 with no raises or promotions[3]; and (2) retaliation, based on her termination after filing a charge of discrimination with the EEOC.

The record shows that neither the defendants nor the district court had any real difficulty understanding Jean Charles's claims or their supporting factual allegations, which were brief and easy to comprehend. Notably, the defendants answered the complaint and the amended complaint without seeking a more definite statement

---

complaint. In other words, the shotgun pleading issue was presented as intertwined. And for good reason. The second amended complaint was not meaningfully different from the first amended complaint with regard to the claims asserted and their supporting factual allegations. On this record, our conclusion that the district court improperly dismissed the second amended complaint as a shotgun pleading necessarily covers the dismissal of the first amended complaint as well.

[3] To the extent Jean Charles wishes to present a disparate-treatment claim, instead of or in addition to her disparate-impact claim, she must seek leave to amend from the district court on remand. *See, e.g.*, *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1273–74 (11th Cir. 2000) (discussing the "discrete theories" of liability for discrimination under Title VII).

or indicating they were unable to understand her claims. And the second amended complaint was largely unchanged from the prior versions. In addition, the court was able to describe and address the merits of each of Jean Charles's claims in granting the defendants' motion to dismiss. While the pleadings were not "model[s] of efficiency or specificity," they "adequately put [the defendants] on notice of the specific claims against them and the factual allegations that support those claims." *Weiland*, 792 F.3d at 1325.

The dissent's arguments in response are unpersuasive. We do not dispute that Jean Charles's pleadings bear some characteristics of what we call shotgun pleadings. *See id.* at 1321–23 (listing the "four rough types or categories of shotgun pleadings"). But even so, dismissal was not appropriate because the defendants still had "adequate notice of the claims against them and the factual allegations that support those claims." *Id.* at 1325. While (the second) paragraph 3 of the second amended complaint includes a stray allegation that Jean Charles was "harassed" based on her race, no facts are alleged in that paragraph, and the actual claims asserted in Counts I and II are clearly stated in terms of (1) national origin discrimination based on a disparate impact theory and (2) retaliation. We do not require "technical exactness" in pleading, and a mere reference to being "harassed" does not create any real impediment to understanding Jean Charles's claims. *See DeLoach*, 128 F.2d at 380.

Likewise, the dissent faults Jean Charles for not distinguishing between defendants, but this is an employment discrimination

case where, according to the pleadings, the two defendants operated together as the single "government contractor" that employed Jean Charles. A plaintiff in Jean Charles's position may not be able to identify in a complaint which defendant was responsible for which acts or omissions she experienced as an employee. Nor would such allegations add any clarity to the essence of her claims—that is, that she experienced discrimination and retaliation prohibited by Title VII as an employee of the facility operated by the defendants.

Having concluded that the district court improperly invoked the shotgun-pleading doctrine, we vacate and remand for further proceedings. But for the district court's erroneous dismissal of the amended complaint as a shotgun pleading, the defendants could not have filed a motion to dismiss, since they had already answered the amended complaint. *See* Fed. R. Civ. P. 12(b) (stating that a motion to dismiss under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed"). Thus, we do not address the merits of the motion to dismiss and instead return this case to its posture before the *sua sponte* dismissal of the amended complaint.

For these reasons, we vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

22-13891            LAGOA, J., dissenting            1

LAGOA, Circuit Judge, dissenting:

I respectfully dissent from the majority's decision to vacate the district court's orders dismissing Marie Jean Charles's first and second amended complaints. In my view, the district court did not abuse its discretion in dismissing those complaints as impermissible shotgun pleadings, and I would affirm the district court's dismissal orders. Let me explain my reasoning.

Our review of a district court's dismissal of a complaint as an improper shotgun pleading is for an abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In turn, Federal Rule of Civil Procedure 10(b) provides that a party must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

Shotgun pleadings are "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both," *Weiland*, 792 F.3d at 1320, and fail, "to one degree or another[,] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1323). Courts in our Circuit "have little tolerance for shotgun pleadings," which "waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine the

2                          LAGOA, J., dissenting                    22-13891

public's respect for the courts.'" *Id.* (alterations adopted) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981–83 (11th Cir. 2008)). Further, "[a] district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Id.* (quoting *Weiland*, 792 F.3d at 1320). However, in dismissing a complaint on shotgun pleading grounds, the district court is required to "allow a litigant one chance to remedy such deficiencies," by explaining "how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Id.* at 1295–96. And the district court should strike shotgun pleading even where the parties do not request it. *Id.* at 1295; *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018); *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

This Court has identified "four rough types or categories of shotgun pleadings." *Weiland*, 792 F.3d at 1321. The first type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id.* at 1323. And the final type is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants

22-13891                    LAGOA, J., dissenting                    3

are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

As to the dismissal of Jean Charles's first amended complaint, Jean Charles does not challenge the district court's dismissal of that complaint. Indeed, the arguments in her brief only address the district court's dismissal of the *second* amended complaint. As this Court has long held, "[a]ny issue that an appellant wants the Court to address should be specifically and clearly identified in the brief," as otherwise, the issue will be considered abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004); *accord Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Therefore, Jean Charles has abandoned any challenge to the dismissal of her first amended complaint, and I disagree with the majority's *sua sponte* consideration and vacatur of the district court's order dismissing that complaint.

But even if Jean Charles had not abandoned the issue on appeal, I disagree with the majority that the district court abused its discretion in dismissing the first amended complaint. Reviewing that complaint, it falls under the first type of shotgun pleading identified by *Weiland*: "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." 792 F.3d at 1321. Indeed, the first claim in the first amended complaint states, "Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1-16, above," and the second

claim states, "Paragraphs 1-18 are realleged and incorporated herein."

In dismissing the first amended complaint as a shotgun pleading, the district court set forth all four types of shotgun pleadings. The court then found that, "[a]t the very least, Plaintiff's [First] Amended Complaint falls into the first category," as each count "reincorporates by reference every allegation of the entire pleading." It explained that "[t]his circumstance alone makes it virtually impossible to discern which of the many facts alleged supports each claim." And the court informed Jean Charles that any amended complaint "must comply with all applicable rules and orders" and "cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile." Given this Court has repeatedly held that a district court should strike a shotgun pleading even where the parties do not request it, *see, e.g.*, *Vibe Micro*, 878 F.3d at 1295; *Jackson*, 898 F.3d at 1358; *Est. of Bass*, 947 F.3d at 1358, the district court did not abuse its discretion in dismissing Jean Charles's first amended complaint, which clearly falls under the first type of shotgun pleading identified by *Weiland*.

Turning to Jean Charles's second amended complaint, the district court found that the complaint fell into the third and fourth categories identified by *Weiland*: a complaint that (1) fails to separate "each cause of action or claim for relief" into a different count and (2) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which

22-13891                LAGOA, J., dissenting                5

acts or omissions, or which of the defendants the claim is brought against." 792 F.3d at 1323. As to the second amended complaint's first claim—for "National Origin-Based Discrimination (Disparate Impact) in Violation of Title VII of the Civil Rights Act of 1964"—the district court noted that Jean Charles asserted a single claim for color, race, and nationality discrimination regarding Defendants' "failure to promote Plaintiff, failure to provide equal terms and conditions of employment including pay or compensation, and termination of [Plaintiff's] employment." The court found that Jean Charles's "alleged injuries, which include both discrimination and harassment, appear to arise from distinct transactions and occurrences, making it nearly impossible for Defendants to respond to" the first claim. As to the second claim—for "Retaliation"—the district court noted that while Jean Charles purported to reincorporate paragraphs 1 to 3, there were two sets of paragraphs numbered 1 to 3 in the complaint, and it determined that one of those sets includes allegations of discrimination that would need to be separate from her retaliation claim. Finally, the district court found that the second amended complaint, as a whole, made "allegations against Defendants collectively without identifying which Defendant was responsible for which acts or omissions," which "inhibit[ed] Defendants from formulating responses."

After reviewing the second amended complaint along with the district court's reasoning, the district court did not abuse its discretion in dismissing the complaint as a shotgun pleading. Jean Charles's first claim incorporated all the allegations contained in the complaint's previous paragraphs, including an allegation that

Defendants "*harassed* her on the basis of national origin Haitian and race – black." But the first claim is premised on national origin-based discrimination in violation of Title VII under a theory of disparate impact, *not* harassment. In other words, Jean Charles improperly comingled theories under a single claim. The same holds true as to her second claim for retaliation, which incorporates paragraph 3 of the second amended complaint. As the district court noted, there are two paragraphs numbered as "3" in the complaint, with one of those paragraphs referencing both discrimination and harassment under Title VII—distinct theories of liability separate from retaliation. Thus, Jean Charles again comingled multiple theories under a single claim. Finally, the district court correctly noted that Jean Charles did not identify which Defendant was responsible for which acts or omissions at any point in the second amended complaint. Instead, the complaint's allegations are made either collectively against both Defendants or, at times, against a "Defendant" without specifying which of the two Defendants. Given these deficiencies, which fall under two of the shotgun pleading types identified in *Weiland*, the district court did not abuse its discretion in dismissing the second amended complaint as a shotgun pleading.

For these reasons, I conclude that the district court did not abuse its discretion in dismissing either of Jean Charles's amended complaints. I would affirm the district court's dismissal orders and thus respectfully dissent from the majority's vacatur of those dismissal orders.